**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
WILMINGTON PT CORP.,

                       Plaintiff,

       - against -

GARY PARKER,

                     Defendant.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 19-2380 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiff Wilmington PT Corp. ("Wilmington") commenced this action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 *et seq.* against Defendant Gary Parker ("Parker") to foreclose on a mortgage encumbering 42 Roundtree Drive, Melville, NY 11747 (District: 0400, Section 272.00, Block: 1.00, Lot: 62.00 (the "Property"). *See generally* Complaint ("Compl.") [DE 1]. The Clerk of Court issued a Certificate of Default in light of Defendant's failure to answer or otherwise respond to the Complaint. DE 10. Plaintiff has now moved for entry of a default judgment of foreclosure and sale against Defendant. *See* Motion for Default Judgment of Foreclosure and Sale ("Pl.'s Mot.") [DE 11].

Judge Hurley referred the motion to this Court for a Report and Recommendation as to whether Plaintiff has demonstrated that the allegations in the Complaint establish Defendant's liability "such that the motion for default judgment should be granted, and if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded." August 16, 2019 Electronic Order. For the reasons which follow, the Court respectfully recommends to Judge

Hurley that default judgment in favor of the Plaintiff be entered but that the issue of damages be deferred for the reasons stated in this Report and Recommendation.

## II. BACKGROUND

### A. Factual Background

The following facts are taken from the Complaint and are assumed to be true for purposes of this motion. Wilmington is a Delaware corporation with its principal place of business located at 1688 Meridian Ave, Miami Beach, FL 33139. Compl. ¶ 2. The Complaint asserts, upon information and belief, that Defendant is a resident of New York who resides at 42 Roundtree Drive, Melville, NY 11747. *Id.* ¶ 3. Defendant is the borrower on the subject loan and is the mortgagor under the subject mortgage. *Id.* On October 26, 2006, Defendant executed a mortgage (the "Mortgage") against the Property in favor of MERS, Mortgage Electronic Registration Systems, Inc., as nominee for Lend America, to secure the sum of $240,000.00 and interest. *Id.* ¶ 7; *see* Mortgage, attached as Exhibit "B" to the Compl. [DE 1-1 at 6]. The Mortgage was recorded in Liber: M00021437, Page: 243, in the Suffolk County Clerk's Office on December 15, 2006. Compl. ¶ 7. On October 26, 2006, Defendant executed and delivered a note (the "Note") to Lend America in the amount of $240,000. *Id.* ¶ 8; *see* Note, attached as Exhibit "C" to the Compl. [DE 1-1 at 20].

"The Note was transferred by the affixation of proper endorsements and Allonges to the Note and the Mortgage was assigned by Assignments of Mortgage. . . ." Compl. ¶ 9. The assignments of the Mortgage are as follows:

> a. Assignor: Mortgage Electronic Registrations Systems, Inc., as nominee for Lend America
> Assignee: Greenwich Investors XXXIII, LLC
> Date: April 22, 2010
> Recorded: May 25, 2010, Liber: M00021950, Page: 958

    b. Assignor: Greenwich Investors XXXIII, LLC
     Assignee: Trinity Financial Services, LLC
     Date: December 12, 2014
     Recorded: June 27, 2017, Liber: M00022829, Page: 529

    c. Assignor: Trinity Financial Services, LLC
     Assignee: Wilmington PT Corporation
     Date: September 18, 2018
     Recorded: October 18, 2018, Liber: M00022969, Page: 968

*Id.* ¶ 9(a)-(c); *see* Assignments of Mortgage, attached as Exhibit "D" to the Compl. [DE 1-1 at 26-35]. Any applicable recording tax was paid at the time the Mortgage was recorded. Compl. ¶ 10.

  Plaintiff is in physical possession of the original Note. *Id.* ¶ 11. Plaintiff is the owner and holder of the Note with endorsements and allonges as well as the Mortgage. *Id.* According to Plaintiff, Defendant "has failed to comply with the terms and provisions of the said Mortgage and said instruments secured by the Mortgage, by failing to make the Monthly Payments due on the first (1st) day of June[] 2013 and the default continues to date." *Id.* ¶ 12. Plaintiff "has complied with the contractual provisions in the loan documents" by issuing a "notice to cure" on January 14, 2019 advising Defendant that if the default was not cured, Plaintiff may accelerate the loan and declare the outstanding principal balance and all accrued interest immediately due and payable. *Id.* ¶ 13. Plaintiff alleges that it issued the requisite 90-day notice under RPAPL § 1304(1) on January 14, 2019 and complied with the registration requirements of RPAPL § 1306(1). *Id.* Plaintiff has provided copies of the notices and the registration. *See* DE 1-1 at 37-48. Plaintiff has also provided the envelopes in which the notices were sent via first-class and certified mail, along with an affidavit of mailing. DE 1-1 at 44-47. Plaintiff also alleges that, pursuant to RPAPL § 1302 as amended, Plaintiff "complied with all [of] the provisions of Section 595a and Section 6-1 of the Banking Law and RPAPL Section 1304, except where it is exempt from doing so." Compl. ¶ 14.

Defendant has failed to respond to the default notices and is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

    a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of January 14, 2019 amounts to $410,028.67[;]

    b. Attorney's fees and other costs and disbursements, payable to Wilmington PT Corp. under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

    c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

*Id.* ¶ 16.

Plaintiff also requests that in the event this action proceeds to judgment of foreclosure and sale, the Property should be sold subject to the following conditions:

    a. Any state of facts that an inspection of the premises would disclose.

    b. Any state of facts that an accurate survey of the premises would show.

    c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

    e. Any rights of tenants or persons in possession of the subject premises.

    f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    g. Prior lien(s) of record, if any.

*Id.* ¶ 17.

Plaintiff confirms that "[n]o action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof." *Id.* ¶ 19.

### B. Procedural History

Wilmington commenced the instant action by filing a verified complaint on April 24, 2019 and served Defendant with copies of the Summons and Complaint on May 1, 2019. *See* DE 7, 8. In light of Defendant's failure to timely answer or otherwise defend this action, Plaintiff requested that a certificate of default be entered by the Clerk's Office. DE 9. The Clerk of the Court entered a certificate of default on June 5, 2019. DE 10. Plaintiff filed the instant motion for default judgment on August 16, 2019. *See generally* Pl.'s Mot.; *see* Declaration of Regularity of Alan H. Weinreb, Esq. in Support of Default Judgment of Foreclosure and Sale ("Weinreb Decl.") [DE 11-1]; Memorandum of Law in Support of Default Judgment of Foreclosure and Sale ("Pl.'s Mem.") [DE 11-2]. Also attached to the motion are copies of the Complaint and its accompanying exhibits [DE 11-4], the certificate of default entered against Defendant [11-5], the Affidavit of Yonel Devico, Vice President of Wilmington PT Corp. ("Devico Aff.") [DE 11-6], and an affidavit of service for the motion and its supporting documentation [DE 11-7].

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55 establishes a two-step process for obtaining a judgment against a defaulting party. *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d Cir. 2011); *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). First, a plaintiff must obtain a notation of default indicating that a party has "failed to plead or otherwise defend." Fed. R. Civ.

5

55(a). Second, upon obtaining a notation of default, "a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d at 104. The decision to grant a motion for default judgment is left to the sound discretion of the district court. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contrs. Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 88 (2d Cir. 2009)) ("Rule 55(b) commits this decision to the sound discretion of the district court.").

"Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability." *Philip Morris USA Inc. v. 5 Bros. Grocery Corp.*, No. 13-2451, 2014 WL 3887515, at *2 (E.D.N.Y. Aug. 5, 2014) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y.1992)); *Krevat v. Burgers to Go, Inc.*, No. 13-6258, 2014 WL 4638844, at *5 (E.D.N.Y. Sept. 16, 2014) (citing *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007)) ("A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true."). A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Deckers Outdoor Corp. v. TKM Forest Hills, LLC*, No. 12-5986, 2014 WL 4536715, at *4 (E.D.N.Y. Sept. 11, 2014) (citing *Greyhound ExhibitGroup. Inc.*, 973 F.2d at 158).

However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *Profi-Parkiet Sp. Zoo v. Seneca Hardwoods LLC*, No. 13-4358, 2014 WL 2169769, at *3 (E.D.N.Y. May 23, 2014) (quoting *Mktg. Devs., Ltd. v. Genesis Imp. & Exp., Inc.*, No. 08-3168, 2009 WL 4929419, at *6 (E.D.N.Y. Oct. 6, 2009)) (internal quotation

6

marks omitted), *report and recommendation adopted by* 2014 WL 2765793 (E.D.N.Y. Jun. 18, 2014)); *Bravado Int'l Grp. Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 186 (E.D.N.Y. 2009) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).  Rather, "it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (collecting cases); *see Said v. SBS Elecs., Inc.*, No. 08-3067, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010) (The fact that a complaint remains unanswered will not suffice to establish liability on the plaintiff's claims since "a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading."), *adopted as modified on unrelated grounds*, 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010).

"As the Second Circuit has noted, when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of a default." *Krevat*, 2014 WL 4638844, at *5 (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001); *Enron Oil Corp.*, 10 F.3d at 96). "These factors are: (1) 'whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment.'" *Id.* (quoting *Tr. of Empire State Carpenters Annuity, Apprenticeship, Labor Mgmt. Cooperation, Pension and Welfare Funds v. Flooring Experts, Inc.*, No. 12-6317, 2013 WL 4042357, at *2 (E.D.N.Y. Aug. 8, 2013), *report and recommendation adopted by* 2013 WL 4761151 (E.D.N.Y. Sept. 3, 2013)); *see, e.g.*, *Reliance Commc'ns LLC v. Retail Store Ventures, Inc.*, No. 12-02067, 2013 WL 4039378, at *2 (E.D.N.Y. Aug. 7, 2013) (quoting *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-

9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003); then citing *O'Callahan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007)); *U.S. v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006)).

IV. DISCUSSION

    A.    **Default Judgment**

        *1.    Willfulness*

When a defendant is continually and "entirely unresponsive," the defendant's failure to respond is considered willful. *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC*, No. 06-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008) (citing *Mason Tenders Dist. Council*, 2003 WL 1960584, at *2). Based upon the present facts, Defendant's failure to respond to the Complaint sufficiently demonstrates willfulness. *See Gustavia Home, LLC v. Vielman*, No. 16-2370 (ADS) (AKT), 2017 WL 4083551, at *5 (E.D.N.Y. Aug. 25, 2017), *report and recommendation adopted,* 2017 WL 4083156 (E.D.N.Y. Sept. 14, 2017); *Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007). Plaintiff submitted an affidavit of service which shows that Defendant was served on May 1, 2019 with the Summons and Complaint and Defendant's answer was due by May 30, 2019. DE 8. Defendant neither answered nor responded in any way to the Complaint, nor did he request an extension of time to respond, and the time to do so has expired. Although Plaintiff's counsel states that he received a late "Verified Answer" from Defendant dated July 3, 2019 via regular mail, *see* Weinreb Decl. ¶ 7, this answer was never filed on the Court's docket and there is no correspondence in the docket from Defendant indicating he had any problems or issues filing his answer with the Clerk's Office. Moreover, Plaintiff submitted an affidavit of service which demonstrates that Defendant was served with the motion, supporting papers, and exhibits by first class mail. DE 11-7. Thus, there is no indication that Defendant's failures to answer the

8

Complaint and to oppose the instant motion were anything but deliberate. *S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1998); *Indymac Bank*, 2007 WL 4468652, at *1; *U.S. v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006). As such, Plaintiff has established the first factor for entry of default judgment by demonstrating willfulness. *Vielman*, 2017 WL 4083551, at *5.

### 2. *Meritorious Defense*

The Court is unable to make a determination as to whether Defendant has a meritorious defense since no such defense has been presented to the Court. *See id.*; *Bridge Oil Ltd.*, 2008 WL 5560868, at *2 (citing *Mason Tenders Dist. Council*, 2003 WL 1960584, at *2); *Empire State Carpenters Welfare v. Darken Architectural Wood*, No. 11-46, 2012 WL 194075, at *3 (E.D.N.Y. Jan. 17, 2012), *report and recommendation adopted,* 2012 WL 832452 (E.D.N.Y. March 12, 2012). Although Defendant's default constitutes an admission of all the well-pleaded factual allegations contained in the Complaint as they relate to liability, Plaintiff must nevertheless demonstrate that the uncontested allegations set forth valid claims. *See Vielman*, 2017 WL 4083551, at *5 (citing *Said*, 2010 WL 1265186, at *2).

In order to demonstrate entitlement to a foreclosure, a plaintiff must demonstrate the following elements: "the existence of an obligation secured by a mortgage, and a default on that obligation." *Gustavia Home, LLC v. Saagber*, No. 16 CV 2099, 2017 WL 2684266, at *3 (E.D.N.Y. June 2, 2017) (quoting *OneWest Bank, N.A. v. Hawkins*, No. 14-cv-4656, 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015)), *report and recommendation adopted*, 2017 WL 2684026 (E.D.N.Y. June 21, 2017); *Eastern Sav. Bank, FSB v. Beach*, No. 13-CV-341, 2014 WL 923151, at *5 (E.D.N.Y. Mar. 10, 2014) (quoting *1st Bridge LLC v. 682 Jamaica Avenue, LLC*, No. 08-CV-3401, 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010); then citing *77 Charters, Inc. v. SYC Realty LLC*, No. 10 Civ. 1681, 2012 WL 1077706, at *13 (E.D.N.Y. Feb. 27, 2012),

9

*report and recommendation adopted*, 2012 WL 1078466 (E.D.N.Y. Mar. 30, 2012); *BH99 Realty LLC v. Qian Wen Li*, No. 10 Civ. 693, 2011 WL 1841530, at *4 (E.D.N.Y. Mar. 16, 2011), *report and recommended adopted*, 2011 WL 1838568)); *accord United States v. Leap*, No. CV 11-4822, 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014) (citing *U.S. Bank, N.A. v. Squadron VCD, LLC*, 2011 WL 4582484 (S.D.N.Y. Oct. 3, 2011), *aff'd* 504 Fed. App'x 30 (2d Cir. Dec. 4, 2012); *Builders Bank v. Beach, 116–23 LLC*, No. 09-2220, 2011 WL 2672567 (E.D.N.Y. April 15, 2011)) ("In the usual course, once a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor."), *report and recommendation adopted*, No. 11 CV 4822, 2014 WL 1383139 (E.D.N.Y. Apr. 8, 2014). "If these elements are established, the mortgagee has a 'presumptive right to collect, which can only be overcome by an affirmative showing by the defendant.'" *FirstStorm Partners 2 LLC v. Vassel*, No. 10-CV-2356, 2012 WL 1886942, at *3 (E.D.N.Y. Mar. 8, 2012) (quoting *U.S. v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991)).

On a motion for default, the Court must look to the governing instruments, *i.e.*, the Note and Mortgage, to determine whether the requisite elements of a claim for mortgage foreclosure have been adequately set forth. *See RCB Equities #3, LLC v. Alma Building, LLC*, No. Civ. 1004, 2012 WL 832263, at *3 (E.D.N.Y. Feb. 22, 2012) (finding that plaintiff had sufficiently pled a claim for mortgage foreclosure under New York Law in a default judgment setting), *report and recommendation adopted as modified*, 2012 WL 832286; *1st Bridge LLC*, 2010 WL 4608326, at *3 (quoting *United States v. Fugle*, No. 00–CV–0540, 2003 WL 251948, at *2 (W.D.N.Y. Jan. 25, 2003)) (citing *RTC v. J.I. Sopher & Co.*, No. 94 Civ. 7189, 1995 WL

10

489697, at *2 (S.D.N.Y. Aug.15, 1995); *Freidus*, 769 F. Supp. at 1277) (explaining elements of a mortgage foreclosure claim in a default judgment damages inquest).

Here, Plaintiff alleges that on October 26, 2006, Defendant executed a mortgage to MERS, Mortgage Electronic Registration Systems, Inc., as nominee for Lend America, to secure the sum of $240,000.00 and interest, recorded in Liber: M00021437, Page: 243, in the Suffolk County Clerk's Office on December 15, 2006. Compl. ¶ 7; Mortgage [DE 1-1 at 6]. The Mortgage encumbered 42 Roundtree Drive, Melville, NY 11747. Compl. ¶ 7; Mortgage [DE 1-1 at 6, 8]. The $240,000 Mortgage instrument includes, among other information: (1) the location and description of the Property at 42 Roundtree Drive, Melville, NY 11747; (2) Defendant's signature, duly notarized; (3) the borrower's rights and responsibilities under the instrument; and (4) the endorsement and recording by the Suffolk County Clerk's Office. *See* Mortgage [DE 1-1 at 4-16]. Simultaneously, Defendant executed and delivered the Note to Lend America in the amount of $240,000.00. Compl. ¶ 8. The Note provides that "a Mortgage dated October 26, 2006 protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note." Note [DE 1-1 at 21]. These records reflect that Defendant undertook a mortgage for the Property which was secured by the Note. *See Vielman*, 2017 WL 4083551, at *6.

According to the Complaint, three assignments of the Mortgage occurred. First, on April 22, 2010, the Mortgage was assigned from Mortgage Electronic Registration Systems, Inc., as nominee for Lend America, to Greenwich Investors XXXIII, LLC. Compl. ¶ 9(a). Lend America then endorsed the Note to Greenwich Investors XXXIII, LLC. Note [DE 1-1 at 22]. The Mortgage was then assigned from Greenwich Investors XXXIII, LLC to Trinity Financial Services, LLC on December 12, 2014. Compl. ¶ 9(b). An allonge was affixed to the Note

11

memorializing the transfer from Greenwich Investors XXXIII, LLC (by WMD Realty, Inc.) to Trinity Financial Services, LLC.  Note [DE 1-1 at 23].  Lastly, the Mortgage was assigned from Trinity Financial Services, LLC to Plaintiff on September 18, 2018.  Compl. ¶ 9(c).  A second allonge was affixed to the Note memorializing the transfer from Trinity Financial Services, LLC to Plaintiff.  Note [DE 1-1 at 24].  Collectively, the above documents adequately demonstrate that Plaintiff is the current holder of the subject Note and Mortgage and thus has standing to enforce the same.  *See Vielman*, 2017 WL 4083551, at *6.  In addition, Plaintiff states that it is in physical possession of the original Note which is also indicative of its standing to bring this foreclosure action.  *See* Compl. ¶ 11; Pl.'s Mem. at 5-6; *Eastern Savings Bank, FSB v. Thompson*, 631 Fed. App'x 13, 15-16 (2d Cir. 2015).

As set forth in the Complaint, Defendant is alleged to have failed to make payments in accordance with the terms of the Note and Mortgage.  Compl. ¶ 12.  In pertinent part, the Note provides as follows:

> 3. Payments
>
> I will pay principal and interest by making payments each month of U.S. $2,654.88.  I will make my payments on the 1st day of each month beginning on December 1, 2006.  I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note.
>
> 4. Borrower's Failure to Pay as Required
>
> . . .
>
> (C) Default
>
> If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default.  If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

> Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

Note [DE 1-1 at 20-21]. The Mortgage states, in relevant part, as follows:

> 20. Lender's Rights if Borrower Fails to Keep Promises and Agreements
>
> If all the conditions stated in subparagraphs (A), (B), and (C) of this Paragraph 20 are satisfied, Lender may require that I pay immediately the entire amount then remaining unpaid under the Note and under this Mortgage. Lender may do this without making any further demand for payment. This requirement will be called "Immediate Payment in Full."
>
> If Lender requires Immediate Payment in Full, Lender may bring a lawsuit to take away all of my remaining right in the Property and to have the Property sold. At this sale Lender or another person may acquire the Property. This is known as "foreclosure and sale." If the proceeds of this sale are insufficient to repay Lender the amounts due to Lender from me under the Note and under this Mortgage, Lender may obtain a court judgment against me personally for the difference between all amounts due from me under the Note and this Mortgage and the sale proceeds. In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and expenses of the foreclosure and sale allowed by law.

Mortgage [DE 1-1 at 12-13].

According to the Complaint, Defendant failed to make the payment due on June 1, 2013 and defaulted on all remaining payments thereafter. Compl. ¶ 12. On that basis, and in accordance with the terms of the Note and Mortgage, Plaintiff has accelerated the payments and declared due the entire amount on the Note secured by the Mortgage, including interest. *Id.* ¶ 16(b); Note [DE 1-1 at 20-21 ¶ 4(c)]; Mortgage [DE 1-1 at 12-13 ¶ 20]. Plaintiff notified Defendant of his default, immediate acceleration of the unpaid balance under the Note, and possible foreclosure proceedings in accordance with relevant New York law. Compl. ¶¶ 13-14; Exhibit "E" to Compl. [DE 1-1 at 36-41, 59]. Accordingly, Plaintiff has successfully established

13

a cause of action for foreclosure and is therefore entitled to a default judgment against Defendant.

### 3. *Prejudice*

The last factor for the Court to consider is whether Plaintiff would be prejudiced if the motion for default judgment were to be denied. Denying this motion would be prejudicial to Plaintiff as "there are no additional steps available to secure relief in this Court." *Bridge Oil Ltd.*, 2008 WL 5560868, at *2 (citing *Mason Tenders*, 2003 WL 1960584, at *3). If a default judgment is not granted, Plaintiff will have no alternative legal redress to recover the losses it has sustained. Since all three factors necessary to establish a default have been satisfied, the Court respectfully recommends to Judge Hurley that default judgment be entered against the Defendant.

### B. Damages and Requested Relief

Although a party's default is viewed as "a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158 (citing *Flaks*, 504 F.2d at 707; Fed. R. Civ. P. 8(d)). Therefore, once a party's default as to liability is established, a plaintiff still must prove damages. *See Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and Other Funds v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing Fed. R. Civ. P. 55(b)(2); *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)); *see also Gutman v. Klein*, No. 03-1570, 2010 WL 4975593, at *1 (E.D.N.Y. Aug. 19, 2010) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." (quoting *Flaks*, 504 F.2d at 707)), *report and recommendation adopted*, 2010 WL

4916722 (E.D.N.Y. 2010), *aff'd*, 515 Fed. App'x 8 (2d Cir. 2013).  The only question remaining then is whether Plaintiff has provided adequate support for the damages sought.  *See Gutman*, 2010 WL 4975593, at *1 ("The burden is on the plaintiff to establish its entitlement to recovery." (citing *Bravado Int'l Group Merch. Servs.*, 655 F. Supp. 2d at 189)).

In support of its motion, Plaintiff submitted the Affidavit of Yonel Devico, Vice President of Plaintiff Wilmington.  Devico Aff. ¶ 1.  Devico explains that the original amount of the Mortgage was $240,000 and the interest rate at the time of default was 13%.  *Id.* ¶¶ 6, 9.  As of July 22, 2019, Devico points out that the outstanding principal balance was $233,451.91 and interest calculated on the outstanding principal from May 1, 2013 to July 22, 2019 was $191,698.20.  *Id.* ¶ 7-8.  Devico's interest calculation is as follows:

> Pursuant to the terms of the Note, at the time of default, the interest rate was 13.00%.  Interest was calculated by taking the principal balance (i.e. $233,451.91) and multiplying it by 13.00% and then dividing that number by 360 days to obtain the per diem interest which, in this case, equals $84.30.  Since the date of default is June 1, 2013 (and interest pursuant to the Note is paid in arrears), the interest is calculated from May 1, 2013 through July 22, 2019 which is 2274 days.  2274 days multiplied by the per diem of $84.30 equals the total past-due interest of $191,698.20.

*Id.* ¶ 9.  The total past due interest of $191,698.20 plus the outstanding principal balance of $233,451.91 equals $425,150.11.  *Id.* ¶ 10.  Plaintiff does not seek any attorney's fees.  *See* Weinreb Decl. ¶ 8.

### 1. *Outstanding Principal Balance*

Plaintiff seeks to recover the outstanding principal balance of $233,451.91.  Devico Aff. ¶¶ 7, 10.  However, Plaintiff has not submitted any supporting documentation corroborating this balance such as a payoff statement or any other proof.  Consequently, this Court respectfully recommends to Judge Hurley that an award of damages for the outstanding principal be deferred for a period of 30 days, contingent upon Plaintiff's providing a payoff statement or equivalent

15

evidence which matches the amount sought by Plaintiff as of July 22, 2019 as well as any documentation showing payments made by the Defendant, from June 1, 2013 onward, which were or should be credited toward the outstanding principal.

### 2. *Accrued Interest*

Plaintiff also seeks to recover interest in the amount of $191,698.20. *Id.* ¶¶ 8-10. Mr. Devico's calculation of that amount is set forth above. The Court conducted an independent calculation to ensure the accuracy of the amount of interest requested. Based on the Note's 13% fixed annual interest rate, and the assumed outstanding principal balance of $233,451.91 (if corroborated by Plaintiff), interest accrues at a rate of $83.1472556 per day ($233,451.91 x .130) ÷ 365). There are 2274 days between May 1, 2007 through July 22, 2019, including July 22, 2019. Thus, $189,076.859 in interest has accrued since May 1, 2007 ($83.1472556 x 2274). Therefore, contingent upon Plaintiff submitting the supporting documentation regarding the outstanding principal, the Court respectfully recommends to Judge Hurley that Plaintiff then be awarded $189,076.86 in interest up to July 22, 2019 and $83.15 in interest per day thereafter. *See Strez*, 2013 WL 6834806, at *3 (awarding plaintiff interest based on the note and accrued interest schedule in a mortgage foreclosure action); *see also Bright*, 2013 WL 3282889, at *3 (awarding plaintiff per diem interest until the entry of judgment in a mortgage foreclosure action).

### 3. *Foreclosure and Sale of the Property*

A plaintiff is entitled to foreclose on a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." *1st Bridge LLC*, 2010 WL 4608326, at *3 (quoting *United States v. Fugle*, No. 00–CV–0540, 2003 WL 251948, at *2 (W.D.N.Y. Jan. 25, 2003). "If those elements are established, the mortgagee 'has a presumptive

right to collect.'" *Id.* (quoting *Fugle*, 2003 WL 251948, at *2; then citing *RTC*, 1995 WL 489697, at *2; *Freidus*, 769 F. Supp. at 1277); *accord BH99 Realty*, 2011 WL 1841530, at *4. Here, Plaintiff has produced copies of the agreements which establish the Mortgage on the Property. However, as noted above, Plaintiff has not submitted documentation concerning the outstanding principal, among other things. For this reason, the Court respectfully recommends to Judge Hurley that if Plaintiff provides the necessary corroborating evidence regarding the damages here, then the Property be foreclosed and sold, with the proceeds to be applied to the amount owed on the Note, and that Plaintiff's request for the Court to appoint a referee to sell the Property be granted. *See* Weinreb Decl. ¶ 6 and "Wherefore" clause.

## V.   CONCLUSION

For the foregoing reasons, the Court respectfully recommends to Judge Hurley that (1) default judgment be entered against the Defendant and (2) an award of damages for the outstanding principal (and other relief) be deferred for a period of 30 days, contingent upon Plaintiff's complying with the directives set forth in this Report and Recommendation within that time frame.

## VI.   OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See* FED. R. CIV. P. 6(a), (e). Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF. **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Denis R. Hurley. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections**. Failure to file objections will result in a waiver

17

of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      March 20, 2020

**SO ORDERED.**

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge