UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILMINGTON PT CORP.,

                              Plaintiff,

              - against -

GARY PARKER,

                            Defendant.
----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 19-2380 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiff Wilmington PT Corp. ("Wilmington") commenced this action, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 *et seq.,* against Defendant Gary Parker ("Parker") to foreclose on a mortgage encumbering 42 Roundtree Drive, Melville, NY 11747 (District: 0400, Section 272.00, Block: 1.00, Lot: 62.00 (the "Property"). *See generally* Complaint ("Compl.") [DE 1]. The Clerk of Court issued a Certificate of Default in light of Defendant's failure to answer or otherwise respond to the Complaint. DE 10. Plaintiff moved for entry of a default judgment of foreclosure and sale against Defendant. *See* Motion for Default Judgment of Foreclosure and Sale ("Pl.'s MDJ.") [DE 11]. Judge Hurley previously referred Plaintiff's motion for default judgment to this Court for a Report and Recommendation on whether Plaintiff had demonstrated that the allegations in the Complaint establish Defendant's liability "such that the motion for default judgment should be granted, and if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded." August 16, 2019 Electronic Order.

After conducting its review, this Court respectfully recommended to Judge Hurley that default judgment be entered against the Defendant but that the amount of damages be deferred

until Plaintiff submitted a payoff statement or equivalent evidence to demonstrate the outstanding principal balance and accrued interest on the mortgage at issue. *See* March 20, 2020 Report and Recommendation ("R&R") [DE 12]. Judge Hurley adopted the R&R in its entirety and directed the Plaintiff to submit the supplemental documentation contemplated in the R&R. *See* DE 13.

Plaintiff has filed a motion for damages which includes additional information regarding the principal balance and accrued interest owed to Plaintiff by Defendant. *See* Wilmington PT Corp.'s Motion for Damages ("Pl.'s Mot.") [DE 14]. Judge Hurley referred Plaintiff's motion for damages to this Court for a Report and Recommendation. *See* May 7, 2020 Electronic Order. For the reasons which follow, the Court respectfully recommends to Judge Hurley that Plaintiff's Motion for Damages be GRANTED.

II.   **BACKGROUND**

The Court presumes the parties' familiarity with the facts of this case. For purposes of this Report and Recommendation, the Court will recite only the facts necessary to determine the appropriate damages here. *See generally* March 20, 2020 R&R.

Wilmington is a Delaware corporation with its principal place of business located at 1688 Meridian Ave, Miami Beach, FL 33139. Compl. ¶ 2. Defendant is the borrower on the subject loan and is the mortgagor under the subject mortgage. *Id.* ¶ 3. On October 26, 2006, Defendant executed a mortgage (the "Mortgage") against the Property in favor of MERS, Mortgage Electronic Registration Systems, Inc., as nominee for Lend America, to secure the sum of $240,000.00 and interest. *Id.* ¶ 7; *see* Mortgage, attached as Exhibit "B" to the Compl. [DE 1-1 at 6]. The Mortgage was recorded in Liber: M00021437, Page: 243, in the Suffolk County Clerk's Office on December 15, 2006. Compl. ¶ 7. On October 26, 2006, Defendant executed

and delivered a note (the "Note") to Lend America in the amount of $240,000.  *Id.* ¶ 8; *see* Note, attached as Exhibit "C" to the Compl. [DE 1-1 at 20].

"The Note was transferred by the affixation of proper endorsements and Allonges to the Note and the Mortgage was assigned by Assignments of Mortgage. . . ."  Compl. ¶ 9.  The assignments of the Mortgage are as follows:

    a.  Assignor: Mortgage Electronic Registrations Systems, Inc.,
        as nominee for Lend America
       Assignee: Greenwich Investors XXXIII, LLC
       Date: April 22, 2010
       Recorded: May 25, 2010, Liber: M00021950, Page: 958

    b.  Assignor: Greenwich Investors XXXIII, LLC
       Assignee: Trinity Financial Services, LLC
       Date: December 12, 2014
       Recorded: June 27, 2017, Liber: M00022829, Page: 529

    c.  Assignor: Trinity Financial Services, LLC
       Assignee: Wilmington PT Corporation
       Date: September 18, 2018
       Recorded: October 18, 2018, Liber: M00022969, Page: 968

*Id.* ¶ 9(a)-(c); *see* Assignments of Mortgage, attached as Exhibit "D" to the Compl. [DE 1-1 at 26-35].  Any applicable recording tax was paid at the time the Mortgage was recorded.  Compl. ¶ 10.

Plaintiff is in physical possession of the original Note.  *Id.* ¶ 11.  Plaintiff is the owner and holder of the Note with endorsements and allonges as well as the Mortgage.  *Id.*  Defendant failed to make the Monthly Payments due on the first (1st) day of June[] 2013 and the default continued.  *Id.* ¶ 12.  As noted in the March 20, 2020 R&R, Plaintiff complied with all of the procedural prerequisites to bring this action.

Defendant failed to respond to the default notices and is indebted to Wilmington pursuant to the terms of the Note and Mortgage for:

3

    a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges which sum as of January 14, 2019 amounts to $410,028.67[;]

    b. Attorney's fees and other costs and disbursements, payable to Wilmington PT Corp. under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

    c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

*Id.* ¶ 16.

Wilmington also requested that in the event this action proceeded to judgment of foreclosure and sale, the Property should be sold subject to the following conditions:

    a. Any state of facts that an inspection of the premises would disclose.

    b. Any state of facts that an accurate survey of the premises would show.

    c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d. Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

    e. Any rights of tenants or persons in possession of the subject premises.

    f. Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    g. Prior lien(s) of record, if any.

*Id.* ¶ 17. Further, Wilmington confirmed that "[n]o action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof." *Id.* ¶ 19.

**III.    DISCUSSION**

The Court previously determined that a default judgment is appropriate and Defendant is liable to the Plaintiff for the amounts due and owing under the Mortgage.  Although a party's default is viewed as "a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158 (citing *Flaks*, 504 F.2d at 707; Fed. R. Civ. P. 8(d)).  Therefore, once a party's default as to liability is established, a plaintiff still must prove damages.  *See Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and Other Funds v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing Fed. R. Civ. P. 55(b)(2); *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)); *see also Gutman v. Klein*, No. 03-1570, 2010 WL 4975593, at *1 (E.D.N.Y. Aug. 19, 2010) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." (quoting *Flaks*, 504 F.2d at 707)), *report and recommendation adopted*, 2010 WL 4916722 (E.D.N.Y. 2010), *aff'd*, 515 Fed. App'x 8 (2d Cir. 2013).  The only question remaining is whether Plaintiff has provided adequate support for the damages sought in its supplemental documentation.  *See Gutman*, 2010 WL 4975593, at *1 ("The burden is on the plaintiff to establish its entitlement to recovery." (citing *Bravado Int'l Group Merch. Servs.*, 655 F. Supp. 2d at 189)).

In support of the motion for default judgment, Yonel Devico explained in his first affidavit that the original amount of the mortgage was $240,000 and the interest rate at the time of default was 13%.  Devico Aff. ¶¶ 6, 9.  Devico pointed out that as of July 22, 2019, the outstanding principal balance was $233,451.91 and interest calculated on the outstanding principal from May 1, 2013 to July 22, 2019 was $191,698.20.  *Id.* ¶ 7-8.  Devico's interest calculation is as follows:

5

> Pursuant to the terms of the Note, at the time of default, the interest rate was 13.00%. Interest was calculated by taking the principal balance (i.e. $233,451.91) and multiplying it by 13.00% and then dividing that number by 360 days to obtain the per diem interest which, in this case, equals $84.30. Since the date of default is June 1, 2013 (and interest pursuant to the Note is paid in arrears), the interest is calculated from May 1, 2013 through July 22, 2019 which is 2274 days. 2274 days multiplied by the per diem of $84.30 equals the total past-due interest of $191,698.20.

*Id.* ¶ 9. The total past due interest of $191,698.20, plus the outstanding principal balance of $233,451.91, equals $425,150.11 as of July 22, 2019. *Id.* ¶ 10. Plaintiff does not seek attorney's fees. *See* Weinreb Decl. ¶ 8.

In Devico's Supplemental Affidavit which was submitted in support of the instant motion for damages, he notes that Defendant's last payment towards the Mortgage was dated May 1, 2013 and interest has been accruing since the June 1, 2013 default date. *See* Devico Supp. Aff. ¶ 5. Devico then corrects an error in his prior calculation which mistakenly set forth the unpaid principal balance utilizing May 1, 2013 as the default date instead of June 1, 2013. This error decreased the outstanding principal by $125.82 from $233,451.91 to $233,326.09. *See id.* ¶ 5 n.2. Then, utilizing June 1, 2013 as the date of Defendant's default, Devico revised the calculation and determined that accrued interest as of April 20, 2020 was as follows:

> Pursuant to the terms of the Note, at the time of default, the interest rate was 13.000%. Interest is calculated by taking the principal balance (i.e. $233,326.09) and multiplying it by 13.000% and then dividing that number by 365 days to obtain the *per diem* interest which, in this case, equals $83.10. Since the date of default is June 1, 2013 (and interest pursuant to the Note is paid in arrears), the interest is calculated from May 1, 2013 through April 20, 2020 which is 2574 days. 2574 days multiplied by the per diem of $83.10 equals the total past-due interest of $211,655.70.

*Id.* ¶ 8. Wilmington does not seek a money judgment against the Defendant, but rather a judgment solely for foreclosure and sale. *Id.* ¶ 5 n.2.

6

### A.     Outstanding Principal Balance

According to Devico's Supplemental Affidavit, Wilmington seeks to recover principal in the amount of $233,326.09. *Id.* ¶ 5. At the time of Wilmington's original motion for default judgment, the Court pointed out that Wilmington failed to submit any supporting documentation – such as a payoff statement -- corroborating this outstanding balance. *See* March 20, 2020 R&R at 15. Wilmington has now submitted a payment schedule which reflects that Defendant's last payment was made on May 1, 2013 and that the outstanding principal balance is $233,326.09. *See* Loan Summary and Payment Schedule at 2. In light of this documentation, coupled with the Note itself, the Court respectfully recommends to Judge Hurley that the total principal due and owing to Wilmington is $233,326.09.

### B.     Accrued Interest

Wilmington Plaintiff also seeks to recover interest in the amount of $211,655.70. *See* Devico Supp. Aff. ¶¶ 7-8. The Court conducted an independent calculation to ensure the accuracy of the figures Wilmington presented. Based on the Note's 13% fixed annual interest rate -- and the outstanding principal balance of $233,326.09 -- interest accrues at a rate of $83.10 per day ($233,326.09 x .130) ÷ 365). There are 2547 days between May 1, 2013 and April 20, 2020, including April 20, 2020. Thus, from May 1, 2013 to April 20, 2020, $211,655.70 in interest has accrued. Based upon the supporting documentation Wilmington has now submitted regarding the outstanding principal, the Court respectfully recommends that Wilmington be awarded $211,655.70 in interest through April 20, 2020, and $83.10 in interest for each day thereafter, beginning April 21, 2020. *See Strez*, 2013 WL 6834806, at *3 (awarding plaintiff interest based on the note and accrued interest schedule in a mortgage foreclosure action); *see*

7

*also Bright*, 2013 WL 3282889, at *3 (awarding plaintiff per diem interest until the entry of judgment in a mortgage foreclosure action).

      **C.**      **Foreclosure and Sale of the Property**

As noted in the Devico Supplemental Affidavit, Wilmington does not seek a money judgment but rather a judgment for foreclosure and sale of the Property. *See* Devico Supp. Aff. ¶ 5 n.2. A plaintiff is entitled to foreclose on a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." *1st Bridge LLC*, 2010 WL 4608326, at *3 (quoting *United States v. Fugle*, No. 00–CV–0540, 2003 WL 251948, at *2 (W.D.N.Y. Jan. 25, 2003). "If those elements are established, the mortgagee 'has a presumptive right to collect.'" *Id.* (quoting *Fugle*, 2003 WL 251948, at *2; then citing *RTC*, 1995 WL 489697, at *2; *Freidus*, 769 F. Supp. at 1277); *accord BH99 Realty*, 2011 WL 1841530, at *4. Here, Wilmington has produced copies of the agreements which establish the Mortgage on the Property. Although the Court's prior R&R found that Wilmington did not submit documentation concerning the outstanding principal and the Defendant's default on the Mortgage, those deficiencies have been remedied by the Devico Supplemental Affidavit and Loan Summary and Payment Schedule. In light of this corroborating evidence supporting the damages requested by Wilmington, the Court respectfully recommends that the Property be foreclosed and sold, with the proceeds to be applied to the amount owed on the Note. Wilmington also requests that the Court appoint a referee to sell the Property. The Court recommends to Judge Hurley that this request be granted as well. *See* Weinreb Decl. ¶ 6 and "Wherefore" clause; *Gustavia Home, LLC v. Vielman*, No. 16-2370, 2017 WL 4083551, at *12 (E.D.N.Y. Aug. 25, 2017), *report and recommendation adopted,* 2017 WL 4083156 (E.D.N.Y. Sept. 14, 2017)

8

**IV.    CONCLUSION**

For the foregoing reasons, the Court respectfully recommends to Judge Hurley that a default judgment of foreclosure and sale be entered against the Defendant and that a referee be appointed to sell the Property.

**VI.    OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See* FED. R. CIV. P. 6(a), (e).  Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF.  **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Denis R. Hurley.  Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections**.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**COUNSEL FOR WILMINGTON PT CORP. IS DIRECTED TO SERVE A COPY OF THIS REPORT AND RECOMMENDATION ON THE DEFENDANT FORTHWITH BY OVERNIGHT MAIL AND FIRST-CLASS MAIL AND TO FILE PROOF OF SUCH SERVICE ON ECF BY FEBRUARY 18, 2021.**

Dated: Central Islip, New York
        February 15, 2021

SO ORDERED.

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge