UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WILMINGTON PT CORP.,

                              Plaintiff,

-against-

GARY PARKER,

                              Defendant.
----------------------------------------------------------X

**MEMORANDUM & ORDER**
19-CV-2380 (DRH)(AKT)

**APPEARANCES:**

**For Plaintiff:**
Hasbani & Light, P.C.
450 Seventh Avenue, suite 1408
New York, New York 10123
By:   Danielle Paula Light, Esq.

**For Defendant:**
Young law Group, PLLC
80 Orville Drive, suite 100
Bohemia, New York 11716

**HURLEY, Senior District Judge:**

Presently before the Court are two motions. The first motion is by Defendant seeking vacatur of the default judgment entered against him pursuant to Fed. R. Civ. P. 60(b) and dismissal of the action pursuant to Fed. R. Civ. P. 12(b)2) and (5). The second is a motion by Plaintiff pursuant to Fed. R. Civ. 4(m) for additional time to serve defendant. For the reasons set forth below, Defendant's motion is granted to the extent that the default judgment of foreclosure and sale is vacated and Plaintiff's motion is granted.

## BACKGROUND

Plaintiff Wilmington PT Corp. ("Wilmington" or "Plaintiff") commenced this action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 et seq. against Defendant Gary Parker ("Parker" or "Defendant") to foreclose on a mortgage encumbering 42 Roundtree Drive, Melville, NY 11747 (District: 0400, Section 272.00, Block: 1.00, Lot: 62.00 (the "Property"). (DE 1.). According to the affidavit of service, Defendant was served by delivering a copy of the summons and complaint on "Eileen Linder, Co-Occupant, a person of suitable age and discretion" at the Property, "[D]efendant's place of residence."  Further, the documents were then mailed to him at the Property (DE 8.) After a certificate of default was issued by the Clerk of Court (DE 10), Plaintiff moved for a default judgment. (DE 11.) The motion was served on Defendant by regular mail addressed to him at the Property. (DE 11-7.) By Order dated April 8, 2020, the Court adopted the Report and Recommendation of Judge Tomlinson that the motion be granted as to liability, but that further documentation be submitted with reference to damages. (DE 13.) After a further submission by Plaintiff, Judge Tomlinson issued a Report and Recommendation that Plaintiff's motion for a judgment of foreclosure and sale be granted and Plaintiff awarded damages as specified therein. (DE 16.) That Report and Recommendation was served on Defendant by regular mail addressed to him at the Property. (DE 17.) By Order dated March 12, 2021, the Court adopted the Report and Recommendation in full (DE 18) and entered a judgment of foreclosure and sale (DE 19).

By letter dated April 28, 2021, Plaintiff advised the Court that on April 27, 2021 it had received a hardship declaration from Parker pursuant to the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020. The letter further stated that the sale of the property was currently scheduled for May 4, 2021, three days after the expiration of the imposed stay ending on May 1, 2021. (DE 21.)

On May 3, 2021 Defendant filed a proposed Order to Show Cause seeking a temporary restraining order against the sale, vacatur of the judgment of foreclosure and sale and upon vacatur, dismissal of the action. In support thereof, Defendant submitted an affidavit stating that since March 2017 he has resided in Westchester County at 160B Heritage Hills, Somers, New York, together with supporting documentation. The Court scheduled oral argument on the application for May 4, 2021. By letter filed on May 3, 2021, Plaintiff advised the Court that they agreed to cancel the sale scheduled for May 4, 2021 and requesting that Defendant's proposed Order to Show Cause go through the normal briefing schedule as there was no longer a threat of imminent harm.

The hearing on the Order to Show Cause proceed on May 4, 2021. At that hearing, the Court declined to sign the Order to Show Cause given that Plaintiff agreed not to proceed with the foreclose sale pending the resolution of Defendant's Rule 60 motion, directed Defendant to provide Plaintiff with either a copy of his driver's license in effect at the time the complaint was filed or an abstract from the Department of Motor Vehicles setting forth Defendant's address as listed on his

license in April 2019, and set a briefing schedule tied to the timing of Defendant's production of his license or the DMV abstract.

Later that day, on May 4, 2021, Defendant filed copy of his driver's license in effect as of the filing date of the complaint listing his home address as 160B Heritage Hills, Somers, New York.

On May 11, 2021, Plaintiff filed a motion pursuant to Fed. R. Civ. P. 4 for an extension of time to serve Defendant. Defendant opposes the motion.

## DISCUSSION

### I. Defendant's Rule 60(b) Motion

#### A. Applicable Standard

Federal Rule of Civil Procedure 60(b) provides that

> The court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 50(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

#### B. Defendant's Motion to Vacate the Judgment is Granted

Here, Defendant relies on Rule 60(b)(4), asserting that the judgment is void because he was not properly served with the summons and complaint as the Property is not his usual place of abode or dwelling place.

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual may be served by "leaving a copy [of the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable and age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). A person may have more than one dwelling place or place of abode, "[b]ut for a location to qualify, it must contain 'sufficient indicia of permanence.'" *Chen v. WMK 89th Street LLC*, 2020 WL 2571010, * 8 (S.D.N.Y. May 20, 2020) (quoting *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 257 (2 Cir. 1991).[1] Sufficient indicia of permanence includes whether the party being served maintains a living space on the property, as well as listing the address on one's driver's license or otherwise representing the address as one's own. *Chen*, 2020 WL 2571010 at * 8 (citing cases).

Having received a copy of Defendant's driver's license in effect at the time this action was commenced, Plaintiff has not disputed Defendant's assertion that the Property is not his dwelling place or usual place of abode. Given that concession, service was not properly made upon the Defendant.

"A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected. Nor can actual notice of suit cure a failure to comply with the statutory requirements for serving process." *Sartor v.*

---

[1] Thus, the terms usual place of abode and dwelling are not synonymous with residency. *See. e.g., Jaffe and Asher v. Van Brunt*, 158 F.R.D. 278, 280 (S.D.N.Y. 1994) (then-District Judge Sotomayor determined that service on a defendant who ordinarily resided in California but had been served at his parent's house in New York was proper, because the defendant "stay[ed] at that address when he [was] in the area, maintain[ed] a private bedroom, clothes, and a phone line at the address," and "receive[d] mail" there.)

*Toussaint,* 79 F. App'x 1, 13 (2d Cir. 2002) (internal citations omitted). "A default judgment entered against a defendant should be vacated as void under Rule 60(b)(4) if service on defendant was defective." *Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.* 2020 WL 7093592, *3 (S.D.N.Y. Dec. 4, 2020 (brackets omitted) (quoting *Tuqui Tuqui Dominicana, S.R.L. v. Castillo*, 2020 WL 1689763, at *2 (S.D.N.Y. Apr. 7, 2020).)

As service was not properly made, the judgment is void and Defendant's motion to vacate the judgment is granted.[2]

## II. Plaintiff's Motion for Extension of Time to Serve the Complaint

### A. Applicable Standard

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss that action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

A plaintiff bears the burden of proof of demonstrating that it had good cause for not timely serving the defendant. *See* Fed. R. Civ. P. 4(m); *Mason Tenders District Council Pension Fund v. Messera*, 1997 WL 221200, at *3 (S.D.N.Y. April 1,

---

[2] Defendant also seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction) and 12 (b)(5) (insufficient service of process). For the reasons set forth in the next section, the Rule 12(b) portion of defendant's motion is denied, and Plaintiff is granted an extension of time to serve process.

1997). "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) (citations omitted). That is, "[c]ourts generally consider three factors . . . (1) whether the delay resulted from inadvertence or whether a reasonable effort to effect service has occurred, (2) prejudice to the defendant, and (3) whether the plaintiff has moved for an extension of time to serve." *Nicholas v. Bratton*, 2018 WL 1054567, at *1 (S.D.N.Y. Feb. 23, 2018) (citation omitted)

"[E]ven if a plaintiff cannot establish good cause, Rule 4(m) allows the Court, in its discretion, to extend the time for service. *See Zapata v. City of N.Y.*, 502 F.3d 192, 193 (2d Cir. 2007) ("[D]istrict courts may exercise their discretion to grant extensions under Rule 4(m) absent a showing of good cause under certain circumstances . . . ."). In determining whether a discretionary extension is warranted, the court may consider: "(1) whether any applicable statute of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether [the] defendant had attempted to conceal the defect in service; and (4) whether [the] defendant would be prejudiced by extending [the] plaintiff's time for service." *DeLuca*, 695 F. Supp. 2d at 66 (citations omitted).

### B.     Plaintiff's Motion is Granted

According to the affidavit of service filed by the process server, process was served on one Eileen Linder, who identified herself as a co-occupant and who was of

suitable age and discretion, confirmed that Defendant lived at the Property, and even acknowledged service by signing for the documents. While Linder has now submitted an affidavit stating she told the process server that Defendant did not reside at the Property, she does not deny signing for the documents.

Consideration of the three factors set forth above warrants a determination that Plaintiff has demonstrated good cause. Based on the process server's affidavit, Plaintiff was under a reasonable belief that its attempted service was proper.[3] Moreover, there appears to be no prejudice to the defendant for the delay caused by the extension. Finally, when presented with evidence that the property was not Defendant's usual place of abode or dwelling place, Plaintiff promptly moved for an extension of time to serve. Accordingly, good cause for the extension exists.

But even if good cause does not exist, it is appropriate for this Court to exercise its discretion to grant an extension. Conspicuously absent from Defendant's papers is how and when he learned of the instant action. Indeed Ms. Linder's affidavit does not address what she did with the summons and complaint that were served upon her or the other papers in this litigation that were sent to Defendant at the Property. The absence of prejudice to Defendant also weighs heavily in favor of the Court exercising its discretion to grant an extension.

---

[3] While Defendant argues that "it is common knowledge" that certain procedures are usually followed before serving a foreclosure complaint and that those procedures were not followed here thus showing a lack of due diligence, he submits no evidence to support his assertion that the alleged procedures are usually followed. (*See* Def.'s Mem. in Opp. (DE 31) at 4-5.)

Plaintiff's motion is granted and the time to serve Defendant is extended to and including October 31, 2021. In the event there is a foreclosure moratorium in effect in New York which prevents service, Plaintiff may move for a further extension on or before October 31, 2021.

## CONCLUSION

For the reasons set forth above, Defendant's motion is granted to the extent that the Clerk of Court is directed to vacate the judgment of foreclosure and sale, as well as the Clerk's certificate of default, and to reopen this case; Defendant's motion is otherwise denied. Plaintiff's motion for an extension of time to serve the summons and complaint is granted and the time to serve Defendant is extended to and including October 31, 2021.

Dated: Central Islip, New York         s/ Denis R. Hurley
       September 10, 2021              Denis R. Hurley
                                       United States District Judge