# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| WILMINGTON PT CORP. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:19-cv-02380-LDH-SIL |
| GARY PARKER ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Dreambuilder Investments, LLC
30 Wall Street, 6th Floor
New York, NY 10005

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE EXHIBIT A ATTACHED HERETO.

| Place: Young Law Group, PLLC<br>80 Orville Drive, Suite 100<br>Bohemia, New York 11716-2505 | Date and Time:<br>08/05/2022 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached (EXHIBIT B) – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/12/2022

*CLERK OF COURT*              OR              *Attorney's signature*

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*:
Gary Parker (Defendant), who issues or requests this subpoena, are: Justin F. Pane, Esq., Young Law Group, PLLC, 80 Orville Drive, Suite 100, Bohemia, New York 11716-2505, Ph: (631) 244-1433, Em: jpane@younglawgroup.org.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1. "ALL" includes "any and all" and "each and every."

2. "ASRG" refers to American Servicing and Recovery Group, LLC. The term also includes any agents, employees, or representatives, or anyone else acting, or who has acted, on behalf of ASRG, including, but not limited to, American Servicing Group, Inc., ASG Mortgage Investors, LLC, and ASG Partners I, LLC.

3. "MORTGAGE" refers to the mortgage security instrument dated October 26, 2006, given by Gary Parker to MERS, as nominee for Lend America, having been assigned Dreambuilder Investments, LLC ("DBI") loan number(s): ▮▮▮▮▮ and ▮▮▮▮▮; the same being recorded by the Clerk of Suffolk County, State of New York, on December 15, 2006, in liber book M00021437, at page 243, against the parcel of real property situated at 42 Round Tree Drive, Melville, New York 11747.

4. The term "NOTE" refers to the promissory note instrument dated October 26, 2006, executed by Gary Parker in favor of Lend America in the original principal amount of $240,000, the same having been assigned Dreambuilder Investments, LLC ("DBI") loan number(s): ▮▮▮▮▮ and ▮▮▮▮▮.

5. "COMMUNICATION" means each manner or means of disclosure or exchange or information, regardless of means utilized, whether oral, electronic, by document or otherwise, and whether face-to-face, in a meeting, by telephone, mail, email, text message, discussions, releases, personal delivery, or otherwise.

6. "DOCUMENT(S)", is to be construed broadly to include the recordation of information in any form. The terms include, without limitation, any letters, correspondence, memoranda, records, books of account, ledgers, accounts, balance sheets, checks, canceled checks, check books, deposit slips, bank statements, certificates of deposit, records of money market accounts, records of checking accounts, records of savings accounts, journals, minutes, contracts, records of telephone or personal conversations or conferences, interoffice communications, microfilm, electronically stored information, audio or video tape recordings or other recordings, computer disks or other software, e-mails or other electronic records, reports, analyses, work sheets, vouchers, newspaper clippings, desk calendars, appointment books, diaries, telephone toll records, travel vouchers, and all writings or other recordings of any nature.

7. "RELATING" or "RELATE" shall mean and include containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

8. "YOU" and/or "YOUR" means Dreambuilder Investments, LLC and any staff, officers or agents, employees, as well as each and every person or entity acting as agents, representatives, affiliates, or acting under its control or on its behalf, including, but not limited to, Peter Andrews, Greg Palmer, Jonathan Snyder, DBI Fund Holdings LLC, Dream Builders Investments LLC, DBI/ASG Mortgage Holdings, LLC, DBI-ASG Coinvestors I, LLC, DBI/ASG Mortgage Acquisition Fund, LP, DBI/ASG Mortgage Acquisition Fund I, LP, DBI/ASG Advisors, LP, and DBI Residential, LLC.

9. DEFENDANT means Gary Parker.

10. "SUBJECT PROPERTY" refers to the real property located at 42 Round Tree Drive, Melville, New York 11747.

**DOCUMENT REQUESTS**

1. YOU are hereby commanded to Identify and produce copies each default related DOCUMENTS created, produced, or recorded by YOU (as defined above) and ASRG, between December 1, 2007, and April 23, 2013, with respect to the MORTGAGE or NOTE. For purposes of this request, the term "default related DOCUMENTS" shall mean the data and DOCUMENTS (created or received) recorded by YOU or ASRG with respect to the MORTGAGE or NOTE (e.g., notices of payment default, acceleration warnings, loss mitigation or settlement offers), between December 1, 2007, and April 23, 2013, RELATING to or otherwise referencing one or more of DEFENDANTS alleged default(s) under one or more of the terms of the MORTGAGE or NOTE.

2. ALL DOCUMENTS RELATING to the SUBJECT PROPERTY.

3. ALL DOCUMENTS RELATING to DEFENDANT.

4. ALL DOCUMENTS RELATING to the NOTE.

5. ALL DOCUMENTS RELATING to the MORTGAGE.

6. ALL DOCUMENTS RELATING to COMMUNICATIONS between YOU and DEFENDANT.

NOTE: As the demanded information is intended to be submitted in connection with litigation, please redact all but the last 4 digits of any information produced containing confidential information, including, but not limited to, social security numbers and financial account numbers.

# EXHIBIT B

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).