UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON PT CORP,<br><br>          Plaintiff,<br><br>    -against-<br><br>GARY PARKER,<br><br>          Defendant. | Case No. 2:19-cv-02380-LDH-SIL<br><br>MEMORANDUM OF LAW |

---

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

**JUSTIN F. PANE, P.C**
By: Justin F. Pane, Esq.
80 Orville Drive, Suite 100
Bohemia, New York 11716-2505
Tel: (631) 244-1433
jpane@panelaw.com

*Attorneys for Defendant,
Gary Parker*

January 27, 2023

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES…………………………………………………………………3

PRELIMINARY STATEMENT……………………………………………........................5

COUNTERSTATEMENT OF RELEVANT BACKGROUND & PROCEDURAL FACTS……..5

ARGUMENT…………………………………………………………...…………………5

       STANDARD OF REVIEW………………………………………………5

POINT I.      PLAINTIFF'S ADMITTED NON-COMPLIANCE WITH RPAPL 1303……….6

POINT II.     PLAINTIFF'S FAILURE TO SHOW STRICT COMPLIANCE WITH
             RPAPL 1304………………………………………………………8

POINT III.    PLAINTIFF'S ADMITTED LACK OF STANDING TO SUE…………………10

CONCLUSION………………………………………………………………………...12

CERTIFICATE OF SERVICE……………………………………………………………12

# TABLE OF AUTHORITIES

**Page**

**Laws, Statutes, Rules & Regulations**

RPAPL 1303……………………………………………………………………………6, 7, 9

RPAPL 1304………………………………………………………………………...7, 8, 9, 10

UCC 1-201 (b) (21)…………………………………………………………………………11

UCC 3-104 (2) (d)…………………………………………………………………………...11

UCC 3-202 (2)………………………………………………………………………………11

UCC 3-301…………………………………………………………………………………11

**Cases**

*Anderson v. Liberty Lobby, Inc,*
477 US 242 (1986)………………………………………………………………………...6

*Aurora Loan Servs., LLC v Taylor,*
25 NY3d 355 (2015)………………………………………………………………………...11

*Aurora Loan Servs., LLC v Weisblum,*
85 AD3d 95 (2d Dept 2011)……………………………………………………………8, 9

*Bank of NY Mellon v Zavolunov,*
157 AD3d 754 (2d Dept 2018)…………………………………………………………..8

*Bank of NY Mellon Trust Co., N.A. v Andersen,*
209 AD3d 817 (2d Dept 2022)………………………………………………………11

*Bear Stern Asset-Backed Sec. I Trust 2006-IMI v Ceesay,*
180 AD3d 504 (1st Dept 2020)…………………………………………………………9

*CIT Bank, N.A. v Anderson,*
No. 16-CV-1712, 2019 US Dist LEXIS 137755 (EDNY Aug. 14, 2019)…………………5-6, 9

*CIT Bank, N.A. v Donnatin,*
No. 2:17-cv-02167, 2020 WL 248996, 2020 US Dist LEXIS 7862 (EDNY Jan. 16, 2020)………..9

*CV XXVIII, LLC v Trippiedi,*
187 AD3d 847 (2d Dept 2020)………………………………………………………10

*Deutsche Bank Natl. Trust Co. v Motzen,*
207 AD3d 434 (2d Dept 2022)……………………………………………………………10, 11

*Flagstar Bank, FSB v Hart,*
184 AD3d 626 (2d Dept 2020)………………………………………………………………..8

*HSBC Bank USA, N.A. v Gifford,*
161 AD3d 618 (1st Dept 2018)………………………………………………………………9

*HSBC Bank USA v Rice,*
155 AD3d 443 (1st Dept 2017)…………………………………………………………...10

*Hudson City Sav. Bank v Ellia,*
210 AD3d 750, 2022 NY Slip Op 06235 (2d Dept 2022)……………………………………11

*MAM Ocean Watch Lender, LLC v Ocean Watch Realty, LLC,*
Index No. 604928/2019, NYSCEF Doc No. 107 (Sup Ct, Nassau County)………………………..8

*Merrill Lynch Credit Corp. v Nicholson,*
210 AD3d 758, 2022 NY Slip Op 06239 (2d Dept 2022)………………………………………7, 8

*Prompt Mtge. Providers of N. Am., LLC v Singh,*
132 AD3d 833 (2d Dept 2015)………………………………………………………………7, 8

*Reich v 559 St. Johns Pl,*
204 AD3d 850 (2d Dept 2022)……………………………………………………………11

*Tolan v Cotton,*
572 US 650 (2014)………………………………………………………………………..6

*U.S. Bank N.A. v Beymer,*
161 AD3d 543 (1st Dept 2018)……………………………………………………………9-10

*US Bank N.A. v Cusati,*
185 AD3d 870 (2d Dept 2020)……………………………………………………………11

*US Bank N.A. v Haliotis,*
185 AD3d 756 (2d Dept 2020)…………………………………………………………....10

*Wells Fargo Bank, N.A. v Murray,*
208 AD3d 924 (2d Dept 2022)……………………………………………………………11

*Wells Fargo Bank, NA v Smith,*
197 AD3d 532 (2d Dept 2021)……………………………………………………………11

## PRELIMINARY STATEMENT

Gary Parker ("<u>Defendant</u>") submits the instant memorandum of law in opposition to the motion for summary judgment ("<u>Motion</u>") made by Wilmington PT Corp ("<u>Plaintiff</u>").

Plaintiff's opening papers consist of the (i) pre-motion letter dated January 5, 2023 ("<u>PML</u>") (ECF No. 55, Page ID No.'s 850-852), (ii) Local Civil Rule 56.1 statement dated January 5, 2023 ("<u>Pl.'s 56.1 Stmt.</u>") (ECF No. 55-1, Page ID No.'s 853-854), and (iii) attorney declaration of Mojdeh Malekan, sworn to January 5, 2023, with exhibits A through F, inclusive ("<u>Malekan Decl.</u>") (ECF No.'s 55-2 – 55-8).

Defendant's opposition consists of the (i) instant memorandum of law dated January 27, 2023 ("<u>Def.'s Mem.</u>"), (ii) response and counterstatement of material facts dated January 27, 2023 ("<u>Def.'s 56.1 Counterstmt.</u>"), and (iii) attorney declaration of Justin F. Pane, sworn to January 27, 2023, with exhibits 1 through 8, inclusive ("<u>Pane Decl.</u>").

## COUNTERSTATEMENT OF RELEVANT BACKGROUND & PROCEDURAL FACTS

For a full recitation of the relevant background and procedural facts of this case, Defendant respectfully refers the court to his response and counterstatement of material facts dated January 27, 2023 (*see* Def.'s 56.1 Counterstmt. at *1-8). Notwithstanding the use of various acronyms and capitalized terms throughout the parties' submissions, for purposes of this memorandum, the capitalized terms ascribed therein Defendant's counterstatement of material facts shall be retained and utilized herein, exclusively (*see id.* at *1-3, 5, 6-7).

## ARGUMENT

**STANDARD OF REVIEW.**

"To succeed on summary judgment in a New York residential foreclosure action, a plaintiff must establish not only a mortgage, a note, and proof of default, but also compliance with RPAPL's notice requirements" (*CIT Bank, N.A. v Anderson*, No. 16-CV-1712, 2019 US Dist LEXIS 137755,

*3 [EDNY Aug. 14, 2019]). "[I]n ruling on a motion for summary judgment, 'the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor'" (*Tolan v Cotton*, 572 US 650, 651 [2014]; *quoting Anderson v. Liberty Lobby, Inc*, 477 US 242, 255 [1986]).

**POINT I.**
### PLAINTIFF'S ADMITTED NON-COMPLIANCE WITH RPAPL 1303.

In relevant part, RPAPL 1303 provides:

1. The foreclosing party in a mortgage foreclosure action, involving residential real property shall provide notice to: . . .

(b) any tenant of a dwelling unit in accordance with the provisions of this section. . . .

4. The notice to any tenant required by paragraph (b) of subdivision one of this section shall be delivered within ten days of the service of the summons and complaint. Such notice shall be in bold, fourteen-point type, and the paragraph of the notice beginning with the words "ALL RENT-STABILIZED" and ending with the words "FULL HEARING IN COURT" shall be printed entirely in capital letters and underlined. The foreclosing party shall provide its name, address and telephone number on the notice. The notice shall be printed on colored paper that is other than the color of the summons and complaint, and the title of the notice shall be in bold, twenty-point type. The notice shall be on its own page. For buildings with fewer than five dwelling units, the notice shall be delivered to the tenant, by certified mail, return receipt requested, and by first-class mail to the tenant's address at the property if the identity of the tenant is known to the plaintiff, and by first-class mail delivered to "occupant" if the identity of the tenant is not known to the plaintiff. For buildings with five or more dwelling units, a legible copy of the notice shall be posted on the outside of each entrance and exit of the building.

5. The notice required by paragraph (b) of subdivision one of this section shall appear as follows:

Notice to Tenants of Buildings in Foreclosure

New York State Law requires that we provide you this notice about the foreclosure process. Please read it carefully.

We, (name of foreclosing party), are the foreclosing party and are located at (foreclosing party's address). We can be reached at (foreclosing party's telephone number).

The dwelling where your apartment is located is the subject of a foreclosure proceeding. If you have a lease, are not the owner of the residence, and the lease requires payment of rent that at the time it was entered into was not substantially less than the fair market rent for the property, you may be entitled to remain in occupancy for the remainder of your lease term. If you do not have a lease, you will be entitled to remain in your home until ninety days after any person or entity who acquires title to the property provides you with a notice as required by section 1305 of the Real Property Actions and Proceedings Law. The notice shall provide information regarding the name and address of the new owner and your rights to remain in your home. These rights are in addition to any others you may have if you are a subsidized tenant under federal, state or local law or if you are a tenant subject to rent control, rent stabilization or a federal statutory scheme.

ALL RENT-STABILIZED TENANTS AND RENT-CONTROLLED TENANTS ARE PROTECTED UNDER THE RENT REGULATIONS WITH RESPECT TO EVICTION AND LEASE RENEWALS. THESE RIGHTS ARE UNAFFECTED BY A BUILDING ENTERING FORECLOSURE STATUS. THE TENANTS IN RENT-STABILIZED AND RENT-CONTROLLED BUILDINGS CONTINUE TO BE AFFORDED THE SAME LEVEL OF PROTECTION EVEN THOUGH THE BUILDING IS THE SUBJECT OF FORECLOSURE. EVICTIONS CAN ONLY OCCUR IN NEW YORK STATE PURSUANT TO A COURT ORDER AND AFTER A FULL HEARING IN COURT.

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at (enter number) or visit the Department's website at (enter web address).

(underscored emphases added).

"RPAPL 1303 requires, inter alia, the party foreclosing a mortgage on residential property to provide the notice prescribed by the statute to any tenant of the property by certified mail, if the identity of the tenant is known to the foreclosing party (*see id.* § 1303[1][b]; [4]). Proper service of an RPAPL 1303 notice is a condition precedent to commencing a foreclosure action, and the foreclosing party has the burden of showing compliance therewith" (*Merrill Lynch Credit Corp. v Nicholson*, 210 AD3d 758, 2022 NY Slip Op 06239, *1-2 [2d Dept 2022] [internal quotations marks omitted]; *cf. Prompt Mtge. Providers of N. Am., LLC v Singh*, 132 AD3d 833, 834 [2d Dept 2015] ("[N]oncompliance [with RPAPL 1303] mandates dismissal of the complaint")).

Here, it is an indisputable fact that Plaintiff has failed to even allege, let alone prove through admissible evidence, that it complied with the notice and service requirements of RPAPL 1303 (1)(b), (4), and (5) (*compare* Def.'s 56.1 Counterstmt. at *2, Resp. No. 3 [action involves single-family residential property]; *and id.* at *7, Counterstmt. No. 5 [Plaintiff is aware of Def.'s Tenants at the Mortgaged Property]; *with id.* at *7-8, Counterstmt. No.'s 6-11 [Plaintiff, admittedly, failed to served Tenants with the requisite RPAPL 1303 notices]).

Thus, Plaintiff's Motion must be denied (*Nicholson*, 210 AD3d 758, 2022 NY Slip Op 06239 at *1-2; *Flagstar Bank, FSB v Hart*, 184 AD3d 626, 628 [2d Dept 2020]), and the underlying complaint must be dismissed (*Singh*, 132 AD3d at 834; *accord MAM Ocean Watch Lender, LLC v Ocean Watch Realty, LLC,* Index No. 604928/2019, NYSCEF Doc No. 107, order dated Sept. 9, 2021, *8 [Sup Ct, Nassau County])[1].

**POINT II.**
**PLAINTIFF'S FAILURE TO SHOW STRICT COMPLIANCE WITH RPAPL 1304.**

"[W]here the plaintiff in a residential foreclosure action alleges in its complaint that it has served an RPAPL 1304 notice on the borrowers, [the] plaintiff moving for summary judgment must 'prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304'" (*Bank of NY Mellon v Zavolunov*, 157 AD3d 754, 756 [2d Dept 2018]; *quoting Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 106 [2d Dept 2011]). In relevant part, RPAPL 1304 provides:

> 1. [W]ith regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the <u>borrower, or borrowers at the property address and any other address of record</u>, including mortgage foreclosure, such <u>lender, assignee or mortgage loan servicer shall give notice to the borrower</u> . . . .
>
> 2. <u>The notices required by this section shall be sent by such lender, assignee (including purchasing investor) or mortgage loan servicer</u> to the borrower, by

---

[1] Courtesy copy of unpublished opinion attached.

registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage. <u>The notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice</u>. Notice is considered given as of the date it is mailed. <u>The notices required by this section shall contain a current list of at least five housing counseling agencies serving the county where the property is located from the most recent listing available from department of financial services</u>. The list shall include the counseling agencies' last known addresses and telephone numbers. The department of financial services shall make available on its websites a listing, by county, of such agencies. <u>The lender, assignee or mortgage loan servicer shall use such lists to meet the requirements of this section</u>.

(underscore emphases added). In short, the statute strictly provides that notice thereunder "shall be sent by . . . lender, assignee (including purchasing investor) or mortgage loan servicer to the borrower," exclusively, that it be sent to all record addresses of borrower/Defendant, that it not include any other notices, and that it include "a current list of at least five housing counseling agencies serving the county where the property is located from the most recent listing available from department of financial services" (RPAPL 1304[2]).

Importantly, it is now well settled that a foreclosing plaintiff's failure to demonstrate strict compliance with RPAPL 1304 in, with, and through its summary judgment moving papers necessitates a court to not only deny the motion, but requires the court to dismiss the complaint (*Weisblum*, 85 AD3d at 103 ["[W]e now make clear . . . proper service of the RPAPL 1304 notice containing the statutorily-mandated content is a condition precedent to the commencement of the foreclosure action. **The plaintiff's failure to show strict compliance requires dismissal**"] [emphasis added]; *accord Bear Stern Asset-Backed Sec. I Trust 2006-IMI v Ceesay*, 180 AD3d 504, 504 [1st Dept 2020]; *CIT Bank, N.A. v Donnatin,* No. 2:17-cv-02167, 2020 WL 248996, 2020 US Dist LEXIS 7862, *11-12 [EDNY Jan. 16, 2020]; *Anderson,* 2019 US Dist LEXIS 137755 at *6-8; *HSBC Bank USA, N.A. v Gifford*, 161 AD3d 618, 618 [1st Dept 2018]; *U.S. Bank N.A. v*

*Beymer*, 161 AD3d 543, 543 [1st Dept 2018]; *HSBC Bank USA v Rice*, 155 AD3d 443, 443-444 [1st Dept 2017]).

Here, however, the affidavit of service of the RPAPL 1304 is signed by an individual associated with the law firm of Plaintiff's prior counsel, who claims to have mailed the notice required under RPAPL 1304 to Defendant (*see* Pane Decl. Ex. 1 at Page ID No. 55), but nowhere in her affidavit does the individual specify that:

a) her or her firm is a lender, assignee or mortgage loan servicer (*cf.* Pane Decl. Ex. 1 at Page ID No.'s 45-49);

b) the mailing was sent to Defendant's Home Address (*cf.* Pane Decl. Ex. 1 at Page ID No.'s 45-55)—i.e., 160B Heritage Hills, Somers, New York (Westchester County) 10589 (*see* Pane Dec. ¶ 4, Ex. 2; *id.* at ¶ 5, Ex. 3 [2021 Order at *3-4, 5]; *accord* Malekan Decl. Ex. D [Parker Tr. at 6:2-6, 7:6-10, 8:9-13, 10:11-25, 30:15-25]; *cf.* Pane Dec. ¶ 10, Ex. 8 [Korb Tr. at 58:15-61:16, 63:15-65:14]);

c) the notice was sent in a separate envelope from any other mailing or notice (*see* Pane Decl. Ex. 1 at Page ID No. 55); nor that the notice contained a current list of at least five housing counseling agencies serving the county where the property is located from the most recent listing available from department of financial services (*see* Pane Decl. Ex. 1 at Page ID No. 55).

As such, Plaintiff failed to meet its moving burden under RPAPL 1304, consequently, its Motion must be denied, regardless of the sufficiency of the opposition (*US Bank N.A. v Haliotis*, 185 AD3d 756, 758-759 [2d Dept 2020]; *CV XXVIII, LLC v Trippiedi*, 187 AD3d 847, 850 [2d Dept 2020]).

**POINT III.**
**PLAINTIFF'S ADMITTED LACK OF STANDING TO SUE.**

"Where, as here, the plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment" (*Deutsche Bank Natl. Trust Co. v Motzen*, 207 AD3d 434, 435 [2d Dept 2022]). "A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee

of the underlying note at the time the action is commenced" (*US Bank N.A. v Cusati*, 185 AD3d 870, 872 [2d Dept 2020]; *citing Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]).

As succinctly explained in *Motzen*:

> A "promissory note [is] a negotiable instrument within the meaning of the Uniform Commercial Code" (*Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674, 674; *see* UCC 3-104[2][d]; *US Bank, N.A. v Zwisler*, 147 AD3d 804, 806). A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21]; *see id.* § UCC 3-301). <u>An endorsement made on a negotiable instrument, whether a specific endorsement or an endorsement in blank, must be on the instrument or on a paper so "firmly affixed thereto as to become a part thereof" (*id.* § 3-202[2]). Whether a paper is firmly affixed to an instrument is a determination to be made based upon a review of the documentary evidence submitted to the court.</u>

(207 AD3d at 435) (underscored emphases added).

Here, Plaintiff has already admitted that it did not physically possess the original Note as of the commencement date of this action, but rather non-party Richard Monroe Group Inc., held physical custody of original Note at such time (*see* Def.'s 56.1 Counterstmt. at *4, Resp. No. 6). This evidentiary fact, in and of itself, entitles Defendant to denial of Plaintiff's Motion and dismissal of the complaint (*Cusati*, 185 AD3d at 872; *Reich v 559 St. Johns Pl*, 204 AD3d 850, 851-852 [2d Dept 2022]; *Wells Fargo Bank, NA v Smith*, 197 AD3d 532, 533-534 [2d Dept 2021]).

Denial of the Motion is also required due to Plaintiff's failure to tender any evidence, admissible or otherwise, that the purported alloges, which were on pieces of paper completely separate from the Note, were so firmly affixed thereto as to become a part thereof (*see* Def.'s 56.1 Counterstmt. at *8, Counterstmt. No. 12; *cf. e.g., Motzen,* 207 AD3d at 435; *accord Hudson City Sav. Bank v Ellia*, 210 AD3d 750, 2022 NY Slip Op 06235, *1 [2d Dept 2022]; *Bank of NY Mellon Trust Co., N.A. v Andersen*, 209 AD3d 817, 819-820 [2d Dept 2022]; *Wells Fargo Bank, N.A. v Murray*, 208 AD3d 924, 927-928 [2d Dept 2022]).

## CONCLUSION

**WHEREFORE**, Defendants respectfully submits this Honorable Court must deny Plaintiff's Motion and dismiss the underlying complaint.

Dated: Bohemia, New York
       January 27, 2022

_____
JUSTIN F. PANE

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that pursuant to FRCP 5(b)(2)(E), a copy of this Memorandum of Law with Exhibit was served by electronic mail upon the following attorneys of record for the plaintiff, this 27th day of January, 2023:

**E-mail Service Notifications Sent**

| Name | Email Address |
| --- | --- |
| ALAN H. WEINREB | alan@nyfclaw.com |
| DANIELLE PAULA LIGHT | dlight@hasbanilight.com; hllawpc@gmail.com |
| MOJDEH MALEKAN | mmalekan@hasbanilight.com; hllawpc@gmail.com |

_____
JUSTIN F. PANE

# UNPUBLISHED OPINION



Nassau County
Maureen OConnell
County Clerk
Mineola, NY 11501

63 2021 00175440

---

Ref ID#: EC 19 604928

Instrument Number: 2021- 00175440

As

X25 - ELEC CANCEL LIS PEND/ATTACHMNT

Recorded On:  September 24, 2021

Parties:  MAM OCEAN WATCH LENDER LLC

TO  OCEAN WATCH REALTY LLC

Num Of Pages:

Recorded By:  TIFFANY PACHECO

Comment:

---

### ** Examined and Charged as Follows: **

X25 - ELEC CANCEL LIS PEND/A1          0.00      Blocks - $300                    300.00

**Recording Charge:**          300.00

Property Description:

| Line | Section | Block | Lot | Unit | Town Name |
|------|---------|-------|-----|------|-----------|
| 1 | 62 | 236 | 7 | | HEMPSTEAD |
| 2 | 62 | 236 | 8 | | HEMPSTEAD |
| 3 | 62 | 236 | 9 | | HEMPSTEAD |
| 4 | 62 | 236 | 10 | | HEMPSTEAD |
| 5 | 62 | 236 | 11 | | HEMPSTEAD |
| 6 | 62 | 236 | 12 | | HEMPSTEAD |
| 7 | 62 | 236 | 13 | | HEMPSTEAD |
| 8 | 62 | 236 | 14 | | HEMPSTEAD |
| 9 | 62 | 236 | 15 | | HEMPSTEAD |
| 10 | 62 | 236 | 16 | | HEMPSTEAD |
| 11 | 62 | 236 | 17 | | HEMPSTEAD |
| 12 | 62 | 236 | 18 | | HEMPSTEAD |
| 13 | 62 | 236 | 19 | | HEMPSTEAD |
| 14 | 62 | 236 | 21 | | HEMPSTEAD |
| 15 | 62 | 236 | 22 | | HEMPSTEAD |
| 16 | 62 | 236 | 23 | | HEMPSTEAD |
| 17 | 62 | 236 | 25 | | HEMPSTEAD |
| 18 | 62 | 236 | 26 | | HEMPSTEAD |
| 19 | 62 | 236 | 29 | | HEMPSTEAD |
| 20 | 62 | 236 | 31 | | HEMPSTEAD |
| 21 | 62 | 236 | 33 | | HEMPSTEAD |
| 22 | 62 | 236 | 35 | | HEMPSTEAD |

---

### ** THIS PAGE IS PART OF THE INSTRUMENT **

I hereby certify that the within and foregoing was recorded in the Clerk's Office For:  Nassau County, NY

**File Information:**                                    **Record and Return To:**

Document Number:  2021- 00175440

Receipt Number:  2391152

Recorded Date/Time:  September 24, 2021 03:06:16P

Book-Vol/Pg:

Cashier / Station:  0 KJL  /  NCCL-15ZTB42

---



*Maureen O'Connell*

**County Clerk Maureen O'Connell**

| Line | Section | Block | Lot | Unit | Town Name |
|------|---------|-------|-----|------|-----------|
| 23 | 62 | 236 | 36 | | HEMPSTEAD |
| 24 | 62 | 236 | 37 | | HEMPSTEAD |
| 25 | 62 | 236 | 38 | | HEMPSTEAD |
| 26 | 62 | 236 | 40 | | HEMPSTEAD |
| 27 | 62 | 236 | 41 | | HEMPSTEAD |
| 28 | 62 | 236 | 46 | | HEMPSTEAD |
| 29 | 62 | 236 | 49 | | HEMPSTEAD |
| 30 | 62 | 236 | 50 | | HEMPSTEAD |
| 31 | 62 | 236 | 56 | | HEMPSTEAD |
| 32 | 62 | 236 | 60 | | HEMPSTEAD |
| 33 | 62 | 236 | 62 | | HEMPSTEAD |
| 34 | 62 | 236 | 63 | | HEMPSTEAD |

## ** THIS PAGE IS PART OF THE INSTRUMENT **

I hereby certify that the within and foregoing was recorded in the Clerk's Office For: Nassau County, NY

**File Information:**                                   **Record and Return To:**

Document Number: 2021- 00175440

Receipt Number: 2391152

Recorded Date/Time: September 24, 2021 03:06:16P

Book-Vol/Pg:

Cashier / Station: 0 KJL / NCCL-15ZTB42



_Maureen O'Connell_

**County Clerk Maureen O'Connell**

SUPREME COURT- STATE OF NEW YORK
COUNTY OF NASSAU: TRIAL/IAS PART21

PRESENT:

Hon. Thomas Rademaker, J.S.C.

———————————————————x

MAM OCEAN WATCH LENDER, LLC,

Plaintiff(s),

Index No: 604928/2019

-against-

Motion Seq. No.: 003, 004
Motion Submitted: 9/1/2021

DECISION AND ORDER

OCEAN WATCH REALTY, LLC, THE
REALTY ASSET GROUP, LTD, a/k/a
REALTY ASSET GROUP LTD, FRANCIS J.
DARCY, Individually, FRANCIS J. DARCY, as
the Administrator for the Estate of FRANCIS E.
DARCY, LI LIGHTHOUSE GROUP, INC.,
HOME CRAFTS, INC., DRYWALL & TAPING
CORP, DELFINO INSULATION CO., INC,
NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, OCEAN WATCH
HOA, INC. a/k/a OCEAN WATCH
HOMEOWNERS ASSOCIATION, INC., and
"JOHN and JANE Doe No 1" Through "John
and Jane Doe No. 100"

County: Nassau
Section: 62
Block: 236
Lots: 7, 8, 9, 10, 11, 12, 13, 14, 15,
16, 17, 18, 19, 21, 22, 23, 25,
26, 29, 31, 33, 35, 36, 37, 38,
40, 41, 46, 49, 50, 56, 60, 62,
and 63

Defendant(s).

———————————————————x

The following papers read on this motion:

Plaintiff's Notice of Motion/Memorandum of Law/
Supporting Exhibits. (mot seq 003).............................................. 1
Defendant's Notice of Cross Motion/Affirmation and
Affidavit in Support of Cross Motion and Opposition

to Motion/ Memorandum of Law/ Supporting
Exhibits................................................................................2
Plaintiff's Reply Affidavit/Memorandum of Law .....................3

The Plaintiff moves the Court by Notice of Motion for a) an order granting summary judgment in favor of the Plaintiffs and against the defendants Ocean Watch, the Realty Asset Group LTD a/k/a Realty Asset Group LTD, Francis J. Darcy, individually, and Francis J. Darcy, as administrator of the Estate of Francis E. Darcy, LI Lighthouse Group., and Oceanwatch HOA Inc. a/k/a Ocean Watch Homeowners Association, Inc, (Collectively "Answering Defendants") pursuant to CPLR 3212 on the ground that there are no triable issus of fact in this action, and that the affirmative defenses asserted in the Answering Defendants' verified Answer lack merit and fail to state any valid defenses against the instant foreclosure action; an Order pursuant to New York Real Property Actions and Proceedings Law§1321, declaring all other defendants, Home Craft, Inc., Drywall & Taping Corp., Delfino Insulation Co., Inc, and the New York State Department of Taxation and Finances (excepting the John and Jane Doe defendants, against whom this action is being discontinued, to be in default with respect to this action on the ground that said defendants have failed to appear, plead or move in response to the Complaint within the time required, and enter a default judgment as to said other named defendants, and an order pursuant to New York Real Property Actions and Proceedings Law§1321 as to all Defendants, referring this action to a referee to ascertain and compute the amount due to Plaintiff for principal and interest under the subject mortgages as set forth in the Plaintiff's Verified Complaint, and for

2

any other amounts due and owing to Plaintiff, including reasonable attorney's fees, and any sums advanced by Plaintiff under the term of the mortgages, and to examine and report whether the subject property should be sold in one or multiple parcels, and directing that upon presentation and coming in of the Referee's Report, Plaintiff to have the usual judgment of foreclosure and sale.

The Answering Defendants moved the Court by cross motion for an order a) entering summary judgment in favor of the Defendants; b) dismissing the Summons and Complaint in its entirety, c) canceling the Notice of Pendency pursuant to CPLR 6514, and e) discharging the receiver pursuant to CPLR 6405.

The action herein seeks to foreclose on certain mortgages executed by Defendant Ocean Watch Realty, LLC in favor of Plaintiff with respect to loan agreements between the Plaintiff as lender and defendant as borrower, in the aggregate principal amount of $25,900,000.00, covering the premises known as Ocean Watch at Harbor Pointe, located at 700 South Main Street (Ocean Watch Court), Town of Hempstead, Freeport, County of Nassau, State of New York, 11520. A notice of pendency of this foreclosure action was filed with the Clerk of the Court on April 10, 2019.

The Defendant Francis J. Darcy was a principal owner of Oceanwatch and is a named party defendant, individually, as a guarantor of certain obligations under the loan agreements and as the Administrator of the Estate of Francis E. Darcy, a co-guarantor of said loan agreements. Other Co-Defendants include alleged subordinate lien holders, the New York

3

State Department of Taxation and Finance, the Ocean Watch Homeowners Association, and John and Jane Does who may claim an interest in the property. Ocean Watch Realty LLC acquired the property as an investment for business and commercial purposes. The Defendants' supporting affidavit provides that of the sixty-one residential units at the property, approximately twenty-nine of the units had been sold to individuals pursuant to purchase and sale agreements, and as such, those twenty-nine residential units are currently occupied by individuals or have the right to be occupied by individuals.

The Court denied the Answering Defendant's motion to dismiss the Complaint and, with respect to the appointment of a temporary receiver, held that decision in abeyance pending a conference. *(MAM Ocean Watch Lender, LLC. v. Ocean Watch Realty, LLC*, et al, Sup Ct. Nassau County, August 5, 2019, Capetola, J., "Decision and Order On Motion," Index No. 604928/2019, motion sequences 001, 002)

Subsequently, the Court appointed Daniel R. Milstein, 200 Park Avenue, New York, NY 10166, temporary Receiver for the mortgaged Property. *(MAM Ocean Watch Lender, LLC. v. Ocean Watch Realty, LLC*, et al, Sup Ct. Nassau County, August 27, 2019, Capetola, J., "Order Appointing Receiver," Index No. 604928/2019; see also *MAM Ocean Watch Lender, LLC. v. Ocean Watch Realty, LLC*, et al, Sup Ct. Nassau County, September 16, 2019, Capetola, J., "Amendment of Receivership Order," Index No. 604928/2019).

The Answering Defendants filed their Verified Answer with the Court on September 9, 2019. The Defendants denied the allegations set forth in the Complaint and asserted twenty

4

affirmative defenses, including claims that the Plaintiff lacks standing to maintain the action,

failed to comply with conditions precedents to bring suit; failed to join necessary and

indispensable parties; that the complaint is barred on the grounds of Plaintiff's alleged laches,

estoppel, unclean hands, or waiver; Plaintiff seeks unjust enrichment; Plaintiff fails to state

a cause of action upon which relief may be granted; Complaint is barred because of

Plaintiff's breach of alleged mortgage, not or other purported agreements which it seeks to

enforce and/or fraudulent negligent or otherwise wrongful conduct; Plaintiff failed to comply

with the applicable provisions of the Bank Law, including but not limited to, Section 595-a;

Complaint is barred based on the doctrine of accord and satisfaction; Plaintiff violated its

obligation under the loan agreements by failing to provide timely and detailed loan

statements; plaintiff violated the loan agreements by failing to authorize payments due under

the loan agreements, including, but not limited to, payments from unit sale proceeds of

retainage due to subcontractors and suppliers; Plaintiff breached the loan agreements by

diverting funds from the project to itself which were not authorized by loan agreements;

Plaintiff violated the loan agreements by failing to establish required reserves; Plaintiff

violated the loan agreements by directly paying or causing to be paid certain subcontractors,

materialmen and suppliers; Plaintiff violated the loan agreements by failing to approve the

sale of units at subject property at authorized prices; Plaintiff violated the loan agreements

by failing to pay expenses due under the loan agreements; Plaintiff violated the loan

agreements by unilaterally imposing substantial fees and expenses from proceeds of unit

5

sales not provided for in the loan agreements; Plaintiff violated loan agreements and other agreements between the parties by failing to pay various pre-approved gas bills, electric bills and other general condition bills; Plaintiff failed to act in good faith in connection with the administration of the loan at issue in this action; and the alleged "wrongful conduct" of Plaintiff caused the defaults alleged in the Complaint.

It is well settled that in a motion for summary judgment the moving party bears the burden of making a prima facie showing that he or she is entitled to summary judgment as a matter of law, submitting sufficient evidence to demonstrate the absence of a material issue of fact (*see Sillman v. Twentieth Century Fox Film Corp.*, 3 NY2d 395 [1957]; *Friends of Animals, Inc. v. Associates Fur Mfrs.*, 46 NY2d 1065 [1979]; *Zuckerman v. City of New York*, 49 NY2d 5557 [1980]; *Alvarez v. Prospect Hospital*, 68 NY2d 320 [1986]).

The failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see *Winegard v. New York University Medical Center*, 64 NY2d 851 [1985]). Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (*see Zuckerman v. City of New York*, 49 NY2d 5557 [1980]). The primary purpose of a summary judgment motion is issue finding not issue determination (*Garcia v. J.C. Duggan, Inc.*, 180 AD2d 570 [1st Dept. 1992]), and it should only be granted when there are no triable issues of fact (see also *Andre v. Pomeroy*, 35 N2d 361 [1974]).

6

The Plaintiff contends that it has established its entitlement to summary judgment as a matter of law through the production of unpaid notes, mortgages, and evidence of the mortgagor's default thereby shifting the burden to the Defendants to demonstrate, through both competent and admissible evidence, any defenses which could raise a question of fact. (Emigrant Mtge. Co, Inc. v. Beckerman, 105 AD3d 895 [2nd Deptl 2013]); Solomon v. Burden, 104 AD3d 839 [2nd Dept 2013]; Bank of Smithtown v 264 W 124 LLC, 105 AD2d 468 [1st Dept 2013]). Once the Plaintiff has established a prima facie case of foreclosure, the burden shifts to the Defendants to come forward with admissible evidence of the existence of a question of fact. (Red Tulip LLC v. Neiva, 44 AD3d 204 [2nd Dept 2007); Franchini v Palmieri, 1 NY3d 536 [2003]; Metro. Distrib. Serv. Inc. V. DiLascio, 176 AD2d 312 [2nd Dept 1991])

Through their opposition and cross motion, the Defendant contends that the Plaintiff failed to comply with tenant notice requirements of RPAPL §1303, and that the Plaintiff's Affidavit in support of its motion is not from an employee of the Plaintiff but from a loan servicer, and as such the Plaintiff's affidavit could not support a motion for summary judgment in favor of the mortgage holder.(HSBC Bank USA, NA v. Betts, 67 AD3d 735, 736 [2nd Dept 2009])

The Affiant is identified as Noel Rabb, the Director of Special Asset Management for Triamont Real Estate Advisors, LLC, which is based in Cobb County, Georgia. The Affiant is not an employee of the Plaintiff. In contrast, the Plaintiff's Complaint had been verified by Craig H. Thaler, who served as General Counsel, Senior Vice President, and corporate Secretary to Plaintiff. Mr. Rabb's Reply Affidavit provides that he is "fully familiar with the facts set forth [in his affidavits] and with the business record of Plaintiff."

7

The Answering Defendants contend that the Rabb Affidavit fails to meet the requirements for getting business records admitted into evidence, as the affidavit does not lay a proper foundation under the business records exception to the hearsay rule for admission of records concerning the mortgagor's payment history. (HBSC Mortgage Services, Inc. v Royal, 142 AD3d 952 [2nd Dept 2016]).

The Answering Defendants further contend that a foreclosing plaintiff has the burden of demonstrating its strict compliance with RPAPL 1303, which provides that "[t]he foreclosing party in a mortgage foreclosure action, involving residential real property shall provide notice to," among others, "b" any tenant of a dwelling unit in accordance with the provision of this section." RPAPL 1303[1][b]. A foreclosing plaintiff has the burden of demonstrating its strict compliance with RPAPL §1303, and if it fails to do so, the foreclosure action must be dismissed. Upon a review of the Plaintiff's Affidavit and a search of the Court's record, the Plaintiff offers no admissible evidence demonstrating compliance with RPAPL §1303, and the Plaintiff offers no admissible evidence to challenge the Defendants' assertion in Francis J. Darcy's Affidavit that the Plaintiff failed to post notice within the property notifying the tenants of the foreclosure action.

Upon review of a careful review of the papers submitted in support of and in opposition to the Plaintiff's motions, as well as the Defendant's cross-motion, along with their respective annexed exhibits, and given the insufficiency of the Plaintiff's supporting affidavit, including but not limited to its lack of foundation as a business record, the Plaintiff's motion is **DENIED** in its entirety, and it is further

**ORDERED**, that motion sequence 004 is **GRANTED**, to the extent that the Complaint is **DISMISSED** in its entirety without prejudice, and it is further

8

**ORDERED**, that the Notice of Pendency filed in this matter filed with the Nassau

County Clerk on April 10, 2019, pursuant to CPLR 6514, is cancelled, and it is further

**ORDERED**, that the receiver is discharged pursuant to CPLR 6405.

This constitutes the Decision and Order of the Court.

Dated:   September 9, 2021
       Mineola, N.Y.

_____
Hon. Thomas Rademaker, J. S. C.

**ENTERED**

SEP 2 4 2021

**NASSAU COUNTY
COUNTY CLERK'S OFFICE**

9