UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| WILMINGTON PT CORP,  Plaintiff,  -against-  GARY PARKER,  Defendant. | Case No. 2:19-cv-02380-LDH-SIL  MEMORANDUM OF LAW |
|---|---|

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**



**JUSTIN F. PANE, P.C.**
By: Justin F. Pane
80 Orville Drive, Suite 100
Bohemia, New York 11715-2505
Ph: (631) 244-1433
Em: jpane@panelaw.com

*Attorneys for Defendant,
Gary Parker*

**Dated & Served: May 16, 2023**

Recipient: (via Email)

Mojdeh Malekan, Esq., mmalekan@hasbanilight.com
HASBANI & LIGHT, P.C.
*Attorneys for Plaintiff*

Cc: (via first-class mail)

Hon. LaShann DeArcy Hall
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4H North
Brooklyn, New York 11201

# TABLE OF CONTENTS

                                                                     **Page**

TABLE OF AUTHORITIES…………………………………………………………………3

PRELIMINARY STATEMENT……………………………………………….......................4

STATEMENT OF RELEVANT BACKGROUND & PROCEDURAL FACTS…………………4

ARGUMENT……………………………………………………………..…………………4

      POINT I.     PLAINTIFF'S ADMITTED NON-COMPLIANCE WITH RPAPL 1303..…4

      POINT II.    PLAINTIFF'S ADMITTED LACK OF STANDING TO SUE……………...6

CONCLUSION………………………………………………………………………….....7

# TABLE OF AUTHORITIES

Page

**Laws, Statutes, Rules & Regulations**

RPAPL 1303………………………………………………………………………………….4, 5, 6

UCC 1-201 (b) (21)……………………………………………………………………………..7

UCC 3-104 (2) (d)………………………………………………………………………………7

UCC 3-202 (2)…………………………………………………………………………………..7

UCC 3-301………………………………………………………………………………………...7

**Cases**

*21st Mtge. Corp. v Nodumehlezi*,
211 AD3d 893 (2d Dept 2022)…………………………………………………………………..6

*Deutsche Bank Natl. Trust Co. v Motzen*,
207 AD3d 434 (2d Dept 2022)…………………………………………………………………..6-7

*Merrill Lynch Credit Corp. v Nicholson*,
210 AD3d 758 (2d Dept 2022)…………………………………………………………………..5-6

*Mortgage Elec. Registration Sys., Inc. v Coakley*,
41 AD3d 674 (2d Dept 2007)……………………………………………………………………7

*Prompt Mtge. Providers of N. Am., LLC v Singh*,
132 AD3d 833 (2d Dept 2015)…………………………………………………………………..6

*Reich v 559 St. Johns Pl*,
204 AD3d 850 (2d Dept 2022)…………………………………………………………………..7

*US Bank N.A. v Cusati*,
185 AD3d 870 (2d Dept 2020)……………………………………………………………………6

*US Bank, N.A. v Zwisler*,
147 AD3d 804 (2d Dept 2017)…………………………………………………………………..7

*Wells Fargo Bank, NA v Smith*,
197 AD3d 532 (2d Dept 2021)…………………………………………………………………..7

## PRELIMINARY STATEMENT

Gary Parker ("Defendant") submits this memorandum of law in support of his motion for summary judgment ("Motion") dismissing the complaint of Wilmington PT Corp ("Plaintiff").

## STATEMENT OF RELEVANT BACKGROUND & PROCEDURAL FACTS

For a full recitation of the relevant background and procedural facts of this case, Defendant respectfully refers the court to his reply 56.1 statement dated February 27, 2023 (*see* Def.'s Repl. 56.1 Stmt. at *1-8 [ECF No. 60, Page ID No.'s 2010-2017]). Notwithstanding the use of various acronyms and capitalized terms throughout the parties' submissions, for purposes of this memorandum, the capitalized terms ascribed therein Defendant's reply 56.1 statement shall be retained and utilized herein, exclusively (*see id.* at *1-3, 5, 6).

## ARGUMENT

**POINT I.**
### PLAINTIFF'S ADMITTED NON-COMPLIANCE WITH RPAPL 1303.

In relevant part, RPAPL 1303 provides:

1. The foreclosing party in a mortgage foreclosure action, involving residential real property shall provide notice to: . . .

(b) <u>any tenant of a dwelling unit in accordance with the provisions of this section</u>. . . .

4. The <u>notice to any tenant required by paragraph (b) of subdivision one of this section shall be delivered within ten days of the service of the summons and complaint</u>. Such notice shall be in bold, fourteen-point type, and the paragraph of the notice beginning with the words "ALL RENT-STABILIZED" and ending with the words "FULL HEARING IN COURT" shall be printed entirely in capital letters and underlined. The foreclosing party shall provide its name, address and telephone number on the notice. The notice shall be printed on colored paper that is other than the color of the summons and complaint, and the title of the notice shall be in bold, twenty-point type. The notice shall be on its own page. <u>For buildings with fewer than five dwelling units, the notice shall be delivered to the tenant, by certified mail, return receipt requested, and by first-class mail to the tenant's address at the property if the identity of the tenant is known to the plaintiff, and by first-class mail delivered to "occupant" if the identity of the tenant is not known to the plaintiff.</u> For buildings with five or more dwelling units, a legible copy of the notice shall be posted on the outside of each entrance and exit of the building.

<blockquote>

5. <u>The notice required by paragraph (b) of subdivision one of this section shall appear as follows:</u>

Notice to Tenants of Buildings in Foreclosure

New York State Law requires that we provide you this notice about the foreclosure process. Please read it carefully.

We, (name of foreclosing party), are the foreclosing party and are located at (foreclosing party's address). We can be reached at (foreclosing party's telephone number).

The dwelling where your apartment is located is the subject of a foreclosure proceeding. If you have a lease, are not the owner of the residence, and the lease requires payment of rent that at the time it was entered into was not substantially less than the fair market rent for the property, you may be entitled to remain in occupancy for the remainder of your lease term. If you do not have a lease, you will be entitled to remain in your home until ninety days after any person or entity who acquires title to the property provides you with a notice as required by section 1305 of the Real Property Actions and Proceedings Law. The notice shall provide information regarding the name and address of the new owner and your rights to remain in your home. These rights are in addition to any others you may have if you are a subsidized tenant under federal, state or local law or if you are a tenant subject to rent control, rent stabilization or a federal statutory scheme.

ALL RENT-STABILIZED TENANTS AND RENT-CONTROLLED TENANTS ARE PROTECTED UNDER THE RENT REGULATIONS WITH RESPECT TO EVICTION AND LEASE RENEWALS. THESE RIGHTS ARE UNAFFECTED BY A BUILDING ENTERING FORECLOSURE STATUS. THE TENANTS IN RENT-STABILIZED AND RENT-CONTROLLED BUILDINGS CONTINUE TO BE AFFORDED THE SAME LEVEL OF PROTECTION EVEN THOUGH THE BUILDING IS THE SUBJECT OF FORECLOSURE. EVICTIONS CAN ONLY OCCUR IN NEW YORK STATE PURSUANT TO A COURT ORDER AND AFTER A FULL HEARING IN COURT.

If you need further information, please call the New York State Department of Financial Services' toll-free helpline at (enter number) or visit the Department's website at (enter web address).

</blockquote>

(underscored emphases added).

"Proper service of an RPAPL 1303 notice is a condition precedent to commencing a foreclosure action, and the foreclosing party has the burden of showing compliance therewith" (*Merrill Lynch Credit Corp. v Nicholson*, 210 AD3d 758, 761 [2d Dept 2022] [internal quotations

marks omitted]; *cf. Prompt Mtge. Providers of N. Am., LLC v Singh*, 132 AD3d 833, 834 [2d Dept 2015] ("[N]oncompliance [with RPAPL 1303] mandates dismissal of the complaint"]).

Here, the evidentiary record proves Defendant's Tenants have occupied the Mortgaged property since January 2019 and yet, Plaintiff has failed to even allege, let alone prove through admissible evidence, that it served Defendant's Tenants with the notice mandated under RPAPL 1303 (1)(b), (4), and (5) (*compare* Def.'s Repl. 56.1 Stmt. at *1-2, stmt. & resp. No. 3 [parties admitted the action involves single-family residential property]; *with id.* at *1, 5-7, stmt. & resp. No.'s 2, 11, 13, 15-17 [Plaintiff, admittedly, failed to serve Tenants with the requisite RPAPL 1303 notices—***even after*** the court granted Plaintiff's motion for a second chance to accomplish proper service of the initiation papers upon learning Tenants resided at the Mortgaged Property])[1].

Even if Plaintiff did not know the identity of the Tenants, RPAPL 1303 (b) (4) provides that the content-specific statutory notice shall must be sent "by first-class mail delivered to "occupant" if the identity of the tenant is not known to the plaintiff" and thus, Plaintiff's failure to mail the RPAPL 1303 tenant notice to the "occupant" of the Mortgaged Property mandates dismissal of the complaint (*21st Mtge. Corp. v Nodumehlezi*, 211 AD3d 893, 895-896 [2d Dept 2022]; *Singh*, 132 AD3d at 834).

**POINT II.**
                    **PLAINTIFF'S ADMITTED LACK OF STANDING TO SUE.**

"A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced" (*US Bank N.A. v Cusati*, 185 AD3d 870, 872 [2d Dept 2020]). As succinctly explained in *Deutsche Bank Natl. Trust Co. v Motzen*:

---

[1] *See,* ECF No.'s 8 (Eileen Linder Aff.), 58-1 through 58-11 (Pane Decl. ¶ 4, Ex. 2; *id.* at ¶ 5, Ex. 3—2021 Order at *3-4, 5; *accord id.* at ¶ 10, Ex. 8—Korb Tr. at 58:15-61:16, 63:15-65:14; *id.* at ¶ 11, Ex. 9—Parker Tr. at 6:2-6, 7:6-10, 8:9-13, 10:11-25, 30:15-25).

> A "promissory note [is] a negotiable instrument within the meaning of the Uniform Commercial Code" (*Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674, 674; *see* UCC 3-104[2][d]; *US Bank, N.A. v Zwisler*, 147 AD3d 804, 806). <u>A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession"</u> (UCC 1-201[b][21]; *see id.* § UCC 3-301). An endorsement made on a negotiable instrument, whether a specific endorsement or an endorsement in blank, must be on the instrument or on a paper so "firmly affixed thereto as to become a part thereof" (*id.* § 3-202[2]). Whether a paper is firmly affixed to an instrument is a determination to be made based upon a review of the documentary evidence submitted to the court.

(207 AD3d 434, 435 [2d Dept 2022]) (underscored emphases added).

Here, Plaintiff has already admitted that it did not physically possess the original Note as of the commencement date of this action, but rather non-party Richard Monroe Group Inc. ("RMG"), held physical custody of original Note at such time (*see* Def.'s Repl. 56.1 Stmt. at *7, stmt. & resp. no.'s 1 & 2 [while Plaintiff claims non-party RMG was its document custodian, no evidence, admissible or otherwise, has been produced to substantiate the allegation]).[2] This evidentiary fact, in and of itself (i.e., admission that a non-party held physical possession of the original note as of the commencement date of this action), entitles Defendant to dismissal of the complaint (*Cusati*, 185 AD3d at 872; *Reich v 559 St. Johns Pl*, 204 AD3d 850, 851-852 [2d Dept 2022]; *Wells Fargo Bank, NA v Smith*, 197 AD3d 532, 533-534 [2d Dept 2021]).

## **CONCLUSION**

**WHEREFORE**, Defendant respectfully submits this Court must grant him summary judgment dismissing Plaintiff's complaint for Plaintiff's admitted failure to satisfy the strict dictates of RPAPL 1303 (b) (4) and (5) or, in the alternative, for Plaintiff's lack of standing to sue.

Dated: Bohemia, New York
May 16, 2023

_____
JUSTIN F. PANE

---

[2] *See,* ECF No. 36, Page ID No.'s 667-668 (Doc Req. No.'s 8, 10, 11, 12); *see also* ECF No. 58-9, 58-10 (Pane Decl. Ex. 7—Pl.'s Interrog. Resp. No. 3; *accord id.* at Ex. 8—Korb Tr. at 65:15-68:2).