UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILMINGTON PT CORP,

                Plaintiff,

-against-

GARY PARKER.,

                Defendants.

Case No: 19-CV-02380

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFF WILMINGTON PT CORP'S CROSS-MOTION FOR SUMMARY JUDGMENT**
<u>**PURSUANT TO FED. R. CIV. P. 56(a)**</u>

**HASBANI & LIGHT, P.C.**
Mojdeh Malekan
450 Seventh Avenue, Ste 1408
New York, New York 10123
(212) 643-6677
mmalekan@hasbanilight.com
*Counsel for Plaintiff, Wilmington Pt. Corp.*

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF FACTS ..................................................................................................... 1

III. LEGAL STANDARD FOR SUMMARY JUDGMENT........................................................ 1

IV. ARGUMENT........................................................................................................................... 2

    A. Summary Judgment is Proper Because Plaintiff Established Its Prima Facie Case to Foreclose ................................................................................................................. 2

    B. Plaintiff established its standing to maintain this action............................................... 3

    C. Defendant's argument regarding RPAPLis mertiless…………………………..………4

    D. This Action Is Procedurally Regular……………………………………………………5

# TABLE OF AUTHORITIES

**Cases**

*Buckley v. Deloitte & Touche USA, LLP,* 888 F. Supp. 2d 404 (S.D.N.Y. 2012) .................... 2

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ............................................................................ 1

*CIT Bank, N.A. v. Moroz,* 19-cv-04473, 2019 WL 6352467 (E.D.N.Y. November 27, 2019)…...4

*CIT Bank v. Nwanganga,* 328 F.Supp.3d 189 (S.D.N.Y. 2018) ...................................................... 3

*CIT Bank, N.A. v. Neris,* 385 F.Supp 241 (S.D.N.Y. 2019) ................................................ 2

*Citimortgage, Inc. v. Etienne,* 172 A.D.3d 808 (2d Dept. 2019)……………...………………….4

*Cont'l Plants Grp., LLC v. Alpha Int'l, Inc.*, No. 21-CV-8677, 2022 WL 2118200, at *5 n.3 (S.D.N.Y. June 13, 2022)……………………………………………………………………..5

*Dowd v. City of New York*, No. 11-CV-9333, 2012 WL 5462666, at *1 (S.D.N.Y. Nov. 5, 2012)...…5

*E. Sav. Bank, FSB v. Ferro,* No. 13-CV-5882, 2015 WL 778345 (E.D.N.Y. Feb 24, 2015) ........................................................................................................................................ 2

*Eastern Sav. Bank, FSB v. Thompson*, 631 Fed. Appx 13, 15 (2d Cir. 2015)……………………4

*Kondaur Capital Corp. v. Cajuste,* 849 F.Supp.2d 363 (E.D.N.Y. 2012) .......................... 2

*OneWest Bank, N.A. v. Guerrero,* No. 14-CV-3754-NSR, 2018 WL 2727891 (S.D.N.Y. June 6, 2018) ...................................................................................................................... 3

*R.B. Ventures, Ltd. v. Shane,* 112 F.3d 54 (2d Cir. 1997) ....................................................... 2

*U.S. Bank Tr., N.A. for LSF9 Master Participation Tr. v. Toney*, No. 17-CV-5516 (MKB), 2018 WL 3946506, at *3 (E.D.N.Y. July 13, 2018)……………………………………………….4

**INTRODUCTION**

This action seeks to foreclose the mortgage encumbering the real property known as 42 Round Tree Drive, Melville New York (the "Property").

Plaintiff respectfully submits this Memorandum of Law in Opposition to Defendant's motion for Summary Judgment and support of its instant motion for Summary Judgment.

**STATEMENT OF FACTS**

On October 26, 2006, Defendant executed a note (the "Note") in the principal amount of $240,000.00 plus interest in favor of Lend America. *See* Malekan Decl., **Exhibit A,** ¶ 8. To secure the indebtedness, Defendant executed a mortgage bearing the same date in favor of Mortgage Electronic Registration Systems as Nominee for Lend America. Said lien encumbers the Property. *See id.* Defendant breached his obligations under the Note (and thereby caused a default under the Mortgage by failing to pay the regular monthly payment which came due on June 1, 2013 and all subsequent payments.

**LEGAL STANDARD FOR SUMMARY JUDGMENT**

Fed R. Civ. P. 56 provides that a court may grant summary judgment when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers or interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, (1986) (internal quotation marks omitted).

In determining if a genuine dispute of material fact exists, "the court must resolve all

ambiguities and draw all factual interferences in favor of the party against whom summary judgment is sought." *Buckley v. Deloitte & Touche USA, LLP,* 888 F. Supp. 2d 404, 415 (S.D.N.Y. 2012) *affd* 541 F. Appx 62 (2d Cir. 2013) (citation omitted).

Plaintiff conclusively establishes that there is no genuine issue as to any material fact and that the Plaintiff is therefore entitled to judgment as a matter of law.

## ARGUMENT

**A. Summary Judgment is Proper Because Plaintiff Established Its *Prima Facie* Case to Foreclose**

In an action to foreclose a residential mortgage under New York law, "the lender must prove... the existence of an obligation secured by a mortgage, and a default on that obligation." *R.B. Ventures, Ltd. v. Shane,* 112 F.3d 54, 59 n.2 (2d Cir. 1997); *see also, E. Sav. Bank, FSB v. Ferro,* No. 13-CV-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb 24, 2015).; *CIT Bank, N.A. v. Neris,* 385 F.Supp 241, 244 (S.D.N.Y. 2019). Applying this standard, courts in this Circuit have found that "summary judgment in a mortgage foreclosure action is appropriate where the Note and the Mortgage are produced to the Court along with proof that the Mortgagor failed to make payments due under the Note. *See Neris,* 385 F.Supp 241, 244 (S.D.N.Y. 2019).Once the plaintiff makes an affirmative showing of the defendant's default, the defendants must make an affirmative showing" that a defense to the action exists. *See Kondaur Capital Corp. v. Cajuste,* 849 F.Supp.2d 363, 369 (E.D.N.Y. 2012). Here, Plaintiff established its *prima facie* case to foreclose through submission of the mortgage, the unpaid note, and evidence of the default. *See* ECF Dkt. No. 1; Affidavit of John John Ramer ("Ramer Aff."). Defendant admitted to defaulting on the subject loan. *See* Defendant's 56.1 Statement, ECF Dkt. No. 58, ¶ 4.

Defendant waived the defenses in his Answer, with the exception of Plaintiff's standing to maintain this action and compliance with RPAPL §1303. Defendant fails to raise any genuine issues of material fact necessary to defeat Plaintiff's *prima facie* case to foreclose.

**B. Plaintiff established its standing to maintain this action**

Defendant's argument that Plaintiff failed to establish its standing to maintain this action lacks merit because Plaintiff established that it possessed the Note prior to the commencement of the instant action.

"Under New York law, 'a plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.' " *CIT Bank v. Nwanganga,* 328 F.Supp.3d 189, 196 (S.D.N.Y. 2018) *quoting OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016); *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980 (2d Dept. 2015); *see also OneWest Bank, N.A. v. Guerrero*, No. 14-CV-3754, 2018 WL 2727891, at *3 (S.D.N.Y. June 6, 2018). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *Melina*, 827 F.3d at 222 *quoting U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752 (2d Dept. 2009).

Plaintiff filed a copy of the original Note, specially indorsed to Plaintiff with the Complaint in this action and therefore established its standing to maintain this action. *See* ECF Dkt. No. 1. *See Nationstar Mortgage v. LaPorte*, 162 A.D.3d 784 (2d Dept. 2018).Additionally, Plaintiff submits the Ramer Aff. herewith wherein he attests to the fact that the Note was physically delivered to Plaintiff on October 9, 2018, well before the commencement of this action. *See* Ramer Aff. ¶ 10. Physical delivery is "established where the plaintiff possesses a note that, on its face or

3

by allonge, contains an endorsement in blank or bears a special endorsement payable to the order of the plaintiff." *See Eastern Sav. Bank, FSB v. Thompson*, 631 Fed. Appx 13, 15 (2d Cir. 2015) (quoting *Wells Fargo Bank, NA v. Ostiguy*, 8 N.Y.S.3d 669, 671 (3d Dept. 2015)) (internal quotation marks omitted). "Holder status is established where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff." *See U.S. Bank Tr., N.A. for LSF9 Master Participation Tr. v. Toney*, No. 17-CV-5516 (MKB), 2018 WL 3946506, at *3 (E.D.N.Y. July 13, 2018).

Furthermore, plaintiff meets its burden to establish standing by proving that it had "possession of the note prior to commencement of [the] action" *See Aurora Loan Services, LLC v. Taylor*, 25 N.Y.3d at 362 (2015), and annexing a copy of the endorsed note to the complaint at commencement is sufficient evidence for Plaintiff to establish *prima facie* that it had standing through possession of the note at commencement. *See CIT Bank, N.A. v. Moroz,* 19-cv-04473, 2019 WL 6352467 (E.D.N.Y. November 27, 2019).

**C. Defendant's Argument regarding RPAPL §1303 does not raise a triable issue of fact**

Initially, Defendant's argument regarding RPAPL §1303 was addressed by the Court in the premotion conference, the Court decided that Defendant's argument held no merit, Defendant agreed to withdraw any arguments regarding RPAPL §1303 and is precluded from raising it herein. *See* Malekan Decl., **Exhibit I**, pgs. 3-4.

Furthermore, Plaintiff filed the affidavit of service and mailing of Gerard Scully attesting to the service of the RPAPL §1303 Notice at the property and by mail. *See* ECF DKT. No 8. Defendant claims that there are tenants at the property that were not served. There are no tenants of the Property named in this action, therefore, as a matter of law, Plaintiff could not comply with RPAPL § 1303 because it did not serve non-parties with the summons and complaint. Furthermore, Defendant does not have standing to raise this red herring defense on behalf of other unnamed and

4

unknown tenants. *See Citimortgage, Inc. v. Etienne,* 172 A.D.3d 808 (2d Dept. 2019).

A party opposing summary judgment normally does not show the existence of a genuine issue of fact to be tried merely by making assertions that are based on speculation or are conclusory." *S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021). Self-serving statements are insufficient to create a triable issue of fact and defeat a motion for summary judgment." *Dowd v. City of New York*, No. 11-CV-9333, 2012 WL 5462666, at *1 (S.D.N.Y. Nov. 5, 2012); *see also Cont'l Plants Grp., LLC v. Alpha Int'l, Inc.*, No. 21-CV-8677, 2022 WL 2118200, at *5 n.3 (S.D.N.Y. June 13, 2022) (finding that self-serving assertions are not "sufficient to create a genuine dispute of material fact for summary judgment purposes, when [they are] supported by no other evidence"). Defendant bases his assertions solely upon his own testimony concerning a tenant at the Property and email from Plaintiff's attorney. Plaintiff's attorney clearly did not pursue service of the RPAPL §1303 notice upon Defendant because he does not live at the Property and is therefore not entitled to the notice pursuant to the statute. *See RPAPL §1303(a)*. The Defendant's conclusory and unsubstantiated allegation that a tenant lives at the Property that did not get served with a RPAPL §1303 notice does not raise a triable issue of fact and is not a defense properly raised by the Defendant.

**D. This Action Is Procedurally Regular**

The substantive New York state law governing mortgage foreclosure is set forth in RPAPL §§ 1300, *et. seq.* The relief being sought herein is consistent with the RPAPL. The Notice of Pendency of Action was filed on May 1, 2019 and refiled on January 12, 2023. *See* Malekan Decl. **Exhibit H**. No defendant is an infant or incompetent.

## CONCLUSION

In conclusion, Plaintiff is entitled to summary judgment because it established its prima facie case and Defendant did not raise a triable issue of fact.

Dated: June 6, 2023 /s/ *Mojdeh Malekan*

5