UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WILMINGTON PT CORP,

               Plaintiff,

-against-

GARY PARKER,

               Defendant.

**MEMORANDUM AND ORDER**
19-cv-2380 (LDH) (SIL)

---

LaSHANN DeARCY HALL, United States District Judge:

    Wilmington PT Corp ("Plaintiff") brings the instant action against Gary Parker ("Defendant"), pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 *et seq.*, to foreclose on a mortgage. Plaintiff moves pursuant to Federal Rule of Civil Procedure 56, for summary judgment to commence foreclosure on the Mortgaged Property. Defendant moves for summary judgment to dismiss the action in its entirety.

### UNDISPUTED FACTS[1]

    On October 26, 2006, Defendant purchased a "single-family, primary residence" located at 42 Roundtree Drive, Melville, NY 11747 ("Mortgaged Property"). (Def.'s Reply 56.1 Statement ("Rule 56.1 Stmnt.") ¶ 3, ECF No. 60.) Defendant executed and delivered a home loan of $240,000 in favor of Lend America ("Note"), which was secured by a mortgage granted to Mortgage Electronic Registration Systems, Inc. (*Id.*) As of 2017, Defendant maintained a separate residence, dwelling and "home address" located at 160B Heritage Hills, in Somers, New

---

[1] The following facts are taken from the parties' statements of material fact pursuant to Local Rule 56.1 and annexed exhibits. Unless otherwise noted, the facts are undisputed.

1

York. (*Id.* ¶ 2.) Plaintiff avers that it had no knowledge about any tenants living at the Mortgaged Property when the foreclosure action commenced. (*Id.* ¶¶ 2, 11.) Defendant claims that he has two tenants, Barry Linder and Eileen Linder, who have occupied the Mortgaged Property "since January 2019 and earlier." (*Id.* ¶ 11.) Beginning on April 1, 2007, Defendant fell behind on loan payments and thereafter failed to comply with the terms and conditions of the loan. (*Id.* ¶ 4.) Plaintiff commenced a residential home loan foreclosure on April 24, 2019, by filing a summons, complaint, exhibits and a CPLR 3012-b certificate of merit. (*Id.* ¶ 5.)

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant[s] are entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The movants bear the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 23 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Where the non-movant bears the burden of proof at trial, the movants' initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim. *Celotex Corp.*, 477 U.S. at 325. Once the movants meet their initial burden, the non-movant may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court must believe the evidence of the non-movant and draw all justifiable inferences in his favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than

merely assert conclusions that are unsupported by arguments or facts. *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

## DISCUSSION

### I. Defendant's Motion for Summary Judgment

Defendant advances two arguments in support of his motion for summary judgment. *First*, Defendant argues that Plaintiff lacks standing. (Mem. L. Supp. Def.'s Mot. Sum. J. ("Def.'s Mem.") at 7, ECF No. 61-2.) *Second*, Defendant maintains that Plaintiff failed to comply with the notice requirements of RPAPL § 1303. (*Id.* at 6.) The Court is persuaded by neither contention.

Under New York law, "[a] plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced[.]" *US Bank N.A. v. Cusati*, 185 A.D.3d 870, 872 (N.Y. App. Div. 2d Dep't 2020). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2015) (quoting *U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752 (N.Y. App. Div. 2d Dep't 2009)).

According to Defendant, "Plaintiff has already admitted that it did not physically possess the original Note as of the commencement date of this action, but rather non-party Richard Monroe Group Inc. [], held physical custody of original Note at such time." (Def.'s Mem. at 7.) However, Plaintiff filed a copy of the original Note and endorsed it to Plaintiff with the Complaint in this action and therefore established its standing to maintain this action. (*See* ECF No. 1-1); *Nationstar Mortgage v. LaPorte*, 162 A.D.3d 784, 785 (N.Y. App. Div. 2d Dep't 2018)

3

("Here . . . the plaintiff established its standing as the holder of the note when the action was commenced by its attachment of a copy of the note, endorsed in blank, to the summons and complaint at the time the action was commenced[.]").

Defendant's argument that Plaintiff did not comply with the dictates of RPAPL § 1303 fares no better. (Def.'s Mem. at 4–5.) Under RPAPL § 1303, a foreclosing party in an action involving residential real property must provide notice to "(a) any mortgagor if the action relates to an owner-occupied one-to-four family dwelling; and (b) any tenant of a dwelling unit," with specific formatting and content requirements for such notices. RPAPL § 1303(1). Plaintiffs must comply with RPAPL's disclosure requirements before commencing a foreclosure action. *Onewest Bank, N.A. v. Mahoney*, 62 N.Y.S.3d 144, 146 (N.Y. App. Div. 2d Dep't 2017) ("Proper service of an RPAPL 1303 notice is a condition precedent to the commencement of a foreclosure action, and noncompliance mandates dismissal of the complaint." (citations omitted)).

Here, there is no dispute that Defendant did not reside at the Mortgaged Property when Plaintiff commenced its residential home loan foreclosure. (*See* Rule 56.1 Stmnt. ¶ 2.) This fact obviated the notice requirement for owner occupied dwellings pursuant to RPAPL § 1303(a). Likewise, it is undisputed that Plaintiff did not provide notice to any tenants of the Mortgaged Property pursuant to RPAPL § 1303(b)(4). (*See* Rule 56.1 Stmnt. ¶¶ 11–12.) The question that remains, however, is whether the record contains a dispute of material fact as to whether tenants resided at the Mortgaged Property when this foreclosure action was commenced.

The record before the Court contains scant evidence that tenants resided at the Mortgaged Property in 2019 when this action commenced. Defendant testified by deposition that two individuals, Barry and Eileen Linder, were living at the Mortgaged Property as tenants at that time. (Def.'s Ex. 9 at 26:7–28, ECF No. 62.) But, that unsupported assertion cannot create even

4

a genuine dispute of fact, much less conclusively decide the question. *Deebs v. Alston Transp., Inc.*, 346 F. App'x 654, 656 (2d Cir. 2009) (stating that self-serving deposition testimony, by itself, was "insufficient to defeat summary judgment").

In an attempt to bolster his claim, Defendant points to the affidavit of service executed at the initiation of this lawsuit because it indicated that a "co-occupant" named "Eileen Linder" received service of process. (*See* Summons, ECF No. 8.) However, an affidavit of service is merely evidence that service of process was effectuated. *See* Fed. R. Civ. P. 4(l)(1) ("*Affidavit Required*. Unless service is waived, proof of service must be made to the court."). In other words, the affidavit of service is hardly proof as to if or when Ms. Linder lived at the Mortgaged Property. Perhaps the Court could agree with Defendant's assertion had he submitted deposition testimony or an affidavit from Ms. Linder. But here he has failed to do so. As such, no reasonable jury could make such a speculative leap—based on the fact that Eileen Linder received service at the Mortgaged Property, even when paired with Defendant's self-serving testimony—that she was his tenant.

There is no genuine dispute of fact, therefore, as to whether the Mortgaged Property is occupied by tenants, triggering the notice requirements of RPAPL § 1303(b). Defendant's motion for summary judgment is denied.

## II.     Plaintiff's Motion for Summary Judgment

Plaintiff asserts that it is entitled to judgment as a matter of law because it has established a prima facie case for its mortgage foreclosure action. (Mem. L. Opp. Def.'s Mot. Sum. J. ("Pl.'s Mem.") at 2–3, ECF No. 63-13.) Under New York law, a plaintiff in a mortgage foreclosure action is entitled to summary judgment where it produces the note and the mortgage to the Court and demonstrates proof that the Mortgagor failed to make payments due under the note.

5

*Kondaur Capital Corp. v. Cajuste*, 849 F. Supp. 2d 363, 369 (E.D.N.Y. 2012).  It is undisputed that Plaintiff attached the note and mortgage to the complaint and Defendant was in default.  (*See* Rule 56.1 Stmnt. ¶¶ 4, 8.)  Therefore, Plaintiff is entitled to summary judgment on its RPAPL claim.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is DENIED, and Plaintiff's motion for summary judgment is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York  
      March 29, 2024

/s/ LDH  
L<small>A</small>SHANN D<small>E</small>ARCY HALL  
United States District Judge